MARION L. JUDDSON, Plaintiff, v. THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Defendant.— Upon submission of two related controversies on an agreed statement of facts, judgment unanimously directed for defendant in each controversy, without costs. Plaintiff's salary is fixed by statute upon the basis of a calendar year as distinguished from a so-called " school year." (Education Law, art. 33-B.) No teacher has an inherent or statutory right to a vacation of two months or more. (*Matter of Kenney*, 41 State Dept. Rep., 137, 138.) When plaintiff commenced her leave of absence, she left the employment, although temporarily, and her right to salary thereupon ceased. Although a by-law adopted by defendant on the 13th day of November, 1935, had the effect of reducing plain-

tiff's leave of absence to two years, another by-law adopted on that date provides, " No member who has been absent on leave without pay shall be entitled to salary after the expiration of such leave until he has resumed actual and personal service." This by-law contemplates not only a return to the employment, but a resumption of actual service, which did not begin in this instance until the 11th day of September, 1936. Plaintiff is not entitled to salary prior to that time. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ.