Lewis W. Olliffe, J.
In this article 78 proceeding petitioner seeks an order requiring the Board of Education to restore her to her position as a regular teacher of library and further to adjust her salary accordingly.
The facts are not in dispute. The petitioner commenced service in the school system in September, 1954 as a substitute *762 teacher of library. On May 19, 1958 the Board of Examiners of the respondent issued an announcement for examination for license as teacher of library in secondary schools to be held during the week of June 23, 1958. The announcement provided that applicants must meet the eligibility requirements in full by October 1, 1961. Petitioner took and passed the examination and on September 17, 1959 was issued a license as teacher of library in the secondary schools. The license stated that it was subject to the by-laws of the Board of Education and subject to the conditions, if any, under which the Board of Examiners recommended the issuance of license. Having completed the required probationary term, petitioner’s appointment was made permanent on October 26, 1960. On September 19, 1962 the Board of Examiners of the respondent ruled that petitioner failed to meet the eligibility requirements of the examination for the license in question in that she had failed to submit proof of completing the required 12 credits in education and thus ruled that petitioner’s license was invalid. Accordingly the Superintendent of Schools terminated it as of January 31, 1963. By then petitioner, by reason of her satisfactory service, reached the ninth salary step of respondent’s applicable salary schedule. Thereafter respondent commenced to compensate her as a substitute teacher on the sixth salary step. Petitioner concedes that she had not submitted evidence of satisfactory completion of two of the required courses.
Petitioner urges that she had acquired tenure in her position and accordingly cannot be removed from her position without the respondent first filing written charges against her and without a hearing before the Board of Education as required by section 2573 of the Education Law.
Respondent contends that even though a certificate of permanent appointment was issued to petitioner, if it was based on an erroneous assumption, the error may be corrected later and the license may be revoked and, in any event, the permanent appointment was subject to the license being a valid one.
In a proceeding where the salient facts are almost identical with those herein, Special Term in Broome County in Matter of Kobylski v. Agone (37 Misc 2d 255) concluded that the dismissal of the petitioner, a mathematics teacher in the Union Endicott Central School District, without benefit of a hearing, was unlawful and that the petitioner should be reinstated to his former status as a teacher of mathematics. The decision has been appealed and argued before the Appellate Division, Third Department on May 7, 1963. At the time of this writing no *763 decision on the appeal has been announced. After considering the reasons set forth for the determination in the Kobylski case, the briefs of the parties herein and independent research, this court cannot come forward with a similar conclusion.
It is now axiomatic that no teacher holding tenure should be summarily discharged without at least an opportunity for a hearing. Here, however, it appears that the petitioner has no right to claim tenure and the benefits thereunder. Of course, if the court were to disregard all other facts and consider only the fact that the petitioner served a probationary term satisfactorily and was thereafter granted a certificate of permanent appointment, it would necessarily have to deem petitioner a tenured employee under section 2573 of the Education Law. Where, however, as here, the facts reveal that the petitioner was in possession of her position not by any legal right but by possession of a de facto title, it cannot be deemed that she is entitled to the benefits under section 2573 of the Education Law. To acquire tenure the appointment must be valid (Matter of Ebling v. New York State Civ. Serv. Comm., 305 N. Y. 221; Palmer v. Board of Educ., 276 N. Y. 222; People ex rel. Hannan v. Board of Health of City of Troy, 153 N. Y. 513; Peck v. Belknap, 130 N. Y. 394).
In the Hannan case the petitioner was appointed to a position in the Board of Health in the City of Troy without having passed a required civil service examination. He served in the position for a period of eight years, at which time the new Board of Health dismissed him without preferring charges against him. Petitioner claimed that he could not be discharged under a statute which forbade such removal except for incompetency or misconduct after hearing upon the charge made. The court said at page 518 that when the Legislature forbade the removal from office of a person holding a position in the State it did not refer to a usurper, or to one who simply had possession of an office without lawful authority, but to one who held his position according to law by virtue of a valid appointment or employment and that it would be unreasonable to declare that the Legislature meant to include those who held office by force, fraud or mistake or without any right thereto as included under the protection of the statute. It further said: “A statute should receive a sensible construction, in conformity to reason and justice, unless the language used is so clear and explicit as to prevent it. It is to be presumed that the legislature did not intend to work public mischief, and when the words of a statute admit of two constructions, one of which is just and reasonable and the other not, the former will be preferred. ’ ’
*764 Applying the reasoning set forth above it does not appear that the Legislature intended under section 2573 of the Education Law to extend the privileges of tenure to those who have no valid appointment.
Section 234 of the by-laws of the Board of Education provides: ‘1 Licenses shall be issued by the Superintendent of Schools on the recommendation of the Board of Examiners. At the request of the Superintendent of Schools, the Board of Examiners is hereby authorized to recommend and the Superintendent of Schools is hereby authorized to issue licenses to applicants, subject to investigation of record and to verification of eligibility and examination ratings. A license so issued shall terminate on January 31 or June 30 next following certification by the Board of Examiners that the holder of such license has failed to meet the eligibility requirements of the appropriate standards of licensing or both. In the case of regular licenses, such certification shall be made within one year of the date designated for completing preparation requirements in full, or earlier.”
By virtue of the above authority petitioner was permitted, although ineligible for the position, to take the examination for license and upon the passing thereof received a license subject to being revoked in the event she did not meet the eligibility requirements by a certain date. At most, the license issued to petitioner was a conditional one and temporary in nature. The appointment which she received necessarily had to be measured by the license which she had and accordingly at best it was an appointment for a temporary basis only. No regular appointment could have been awarded to her at that time nor, unless she fulfilled the requirements for the position, could a regular appointment be awarded to her in the future since under subdivision 9 of section 2573 of the Education Law, no teacher may be so appointed unless she possesses the necessary qualifications. It thus was not within the power of the Board of Education, since the requirement for eligibility for the position had not been fulfilled, to make petitioner’s appointment permanent. (See Matter of O’Brien v. Delaney, 255 App. Div. 385, affd. 280 N. Y. 697.) Since it thus appears that petitioner was not in her position by legal right she did not acquire any tenure under section 2573 of the Education Law and could not now complain of the action by the Board of Education. The petition is accordingly dismissed. '.