Jack Stanislaw, J.
Petitioner Agresti brings this article 78 CPLR proceeding to annul respondents’ determination that she not obtain tenure as an elementary school principal and for an order establishing her tenure as either or both elementary principal and assistant elementary principal. The respondents, Board of Education, Union Free School District No. 5, and its Superintendent of Schools, vigorously dispute petitioner’s right to relief.
There is no question but that Agresti does have tenure as an elementary teacher which dates back to 1948. In March, 1961, respondents appointed her an assistant elementary principal, effective November 16, 1960. She was then appointed an elementary principal, effective September 1, 1962. Both appointments were probationary, -with tenure conceivably available three years later.
After serving as principal for two years petitioner asked for and was granted a sabbatical leave of absence for the 1964r-65 school year. Respondents claim that Agresti was first advised that the sabbatical year would not be applicable to the three years required for tenure, that it would not count as part of her probationary period. She insists, to the contrary, that she was told that the sabbatical would not affect the running of years for probation. At any rate, on April 27, 1966 the Superintendent recommended that she not be given tenure as elementary principal. Petitioner believes this notice to be ineffective, based upon tenure which vested on or after September, 1965 when *475 three probationary years as principal were complete. In any event, petitioner further points to her two years as assistant elementary principal and argues that these may be added to her years, however many more than one they might be, as principal so as to establish full probation and then tenure at least as assistant principal.
Probation and tenure are covered in section 3012 of the Education Law. Tenure rights are specified as being operative with regard to those persons ‘1 who have served the probationary period ” (Education Law, § 3012, subd. 2). Respondents say that the service referred to means three years of actual service and not combinations of service and sabbatical years. This argument carries a good deal of logic for it is not easy to visualize a period of probation as including a year away from the position for which one is 6 £ trying out”. On the other hand, there is no question but that petitioner was qualified for sabbatical leave and her request was first considered and then granted. Whether or not she was told that that year would count towards tenure, the point is that she did not simply ‘ ‘ take ’ ’ a sabbatical but rather had to ask for and be given it.
The district’s policy regarding sabbaticals is that “ Such absence shall be without prejudice to the teacher’s tenure rights. ’ ’ It interprets its own policy as meaning that sabbaticals do not affect tenure one way or the other, but rather are neutral interim absences of some kind. Agresti says no, the policy is much more clearly a positive position to the effect that the leave time counts for tenure and for other purposes. Respondents then shrug their shoulders and say even if so that policy alters the State’s tenure statute and is therefore ineffective and meaningless.
The statute (Education Law, § 3012) speaks of probationary periods in terms of “ service ”. Respondents reason that a substantial lapse of time without an appointee’s actual, physical presence, on duty, cannot be included in a computation of the probationary three years. For instance, they note that substantial leaves of absence, other than as specifically provided for by the Military Law, do not count toward the completion of a probationary term. Petitioner’s sabbatical is held to be just such an unexcused substantial absence as tends to negate the concept and purpose of probationary service to be evaluated and thereafter result in the granting or denial of tenure.
We must agree that “ service ” and “ absence ” are, generally speaking, mutually exclusive terms. The Education Law (§ 3012) speaks only in terms of “ serving ” a probationary *476 period, without particularizing further as to possible types of service. Bespondents’ own sabbatical leave policy (as briefly noted above) never gets to the problem of service as such either, except to the extent that a condition precedent for the leave is seven years of satisfactory service. However, we do discover some parenthetically appropriate discussion in relevant parts of the Education Law. For instance, section 3005 of the Eucation Law makes it possible for a teacher to obtain a one-year leave of absence to teach in a foreign country which leave is nevertheless considered as local “ service ”. It “ shall be credited to the total years of service * * * and for all purposes as if he had not been granted said leave of absence and had been present within the district engaged in actual teaching service ” (Education Law, § 3005). In a different context essentially the same phrase is used in section 3005-a of the Education Law.
More significantly, in a definitions section (Education Law, § 3101) “ teachers ” first are categorized as including members of the supervisory as well as of the teaching staff of each school district. Then ‘ salary ’ ’ is said to mean ‘ ‘ the amount of compensation that is to be paid to a teacher for services rendered * * * during any school year” (Education Law, § 3101, subd. 3). Here Agresti received salary (at two thirds her annual rate) while absent. It can be said for this reason alone that she had not left her employment, even temporarily (cf. Juddson v. Board of Educ., City of N. Y., 255 App. Div. 1024; Education Law, § 3101, subd. 2). A status of continued employment is further indicated by the district’s sabbatical policy requirement that no compensation for work be had ‘ except by approval of the Board of Education ”.
Thus, we find that under the circumstances presented in this case petitioner continued to be employed by respondents during her one-year leave of absence. That continued employment is made definitively apparent by the payment of salary, demonstrating compensation received by Agresti for services rendered (Education Law, § 3101, subd. 3). That being so, she must be deemed to have ‘ ‘ served ’ ’ that year of her sabbatical leave of absence (cf. Matter of Boyd v. Collins, 11 N Y 2d 228). The sabbatical year, added to the preceding two years as probationary elementary school principal, completes petitioner’s probationary term. Her subsequent service, for almost the full following school year, with the full knowledge and consent of, and payment by, respondents estops them now from denying tenure achieved (cf. Matter of Gunthorpe v. Board of Educ.. Union Free School Dist. #5, 41 Misc 2d 757; Matter of Monan v. Board of Educ., City of Buffalo, 280 App. Div. 14).
*477 The petition is granted so as to nullify the notice to petitioner dated April 27, 1966 and determine and confirm her tenure as elementary school principal.
Proceed on notice accordingly.