A. Franklin Mahoney, J.
The petitioner was appointed to a three-year probationary period, effective September 1, 1967, by the Board of Education of Central School District No. 7 of the Town of Islip, Suffolk County. She served as an elementary school teacher until the spring of 1970 when she was granted a maternity leave of absence. Petitioner returned to her duties in September, 1970 and would have been eligible for tenure at the end of January, 1971.
In December, 1970, three months after she returned to her teaching duties and almost two months before the expiration of her probationary period, she was orally advised by the school principal that he was dissatisfied with her services and would not recommend her for tenure. To avoid embarrassment of being formally denied tenure by the school board, petitioner *901 tendered her resignation in writing on December 7, 1970. However, before the board acted upon her resignation she formally withdrew it by letter dated December 14, 1970. On January 12, 1971 the school board accepted petitioner’s resignation and she was advised of the board’s action by a letter from the Superintendent of Schools, dated January IS, 1971.
The petitioner appealed the board’s action to the respondent Acting Commissioner of Education who, by decision dated September 20, 1971, dismissed the appeal.
Petitioner now seeks to annul that determination by article 78 review.
While it is true that judicial review of decisions of the Commissioner of Education is far narrower than the review of other administrative agencies not vested with the quasi-judicial authority of the Education Commissioner (Matter of Bd. of Educ. of City of N. Y. v. Allen, 6 N Y 2d 127; Matter of Vetere v. Allen, 15 N Y 2d 259; Education Law, § 310), the narrowness, nevertheless, permits judicial intervention when the challenged decision is “ purely arbitrary ” (6 N Y 2d 127, supra) and such a decision may be tainted with reversible arbitrariness where the Commissioner affirms an ultra vires or illegal act of the school board below (Matter of Ross v. Wilson, 308 N. Y. 605, 617). The issue then is whether the local school board acted within its authority in accepting a withdrawn resignation.
The Acting Commissioner conceded in his decision affirming the act of the school board that “ it is well established that a resignation may be withdrawn up to the time that it is formally accepted by a board of education (Matter of Zarada v. Board of Educ., Cent. School Dist. No. 2, 42 Misc 2d 509). Consequently, respondent could not legally refuse petitioner to withdraw her resignation, notwithstanding the fact that respondent might be unable to comply with the time provision contained in section 3012 as a result of such action.” From this concession it follows that there was no viable resignation that the school board could have accepted at its meeting of January 12,1971. Does this fact in conjunction with the admission that no written notice, within 60 days of the meeting, was given to petitioner by the Superintendent of Schools advising her that he was not recommending tenure, as required by section 3012 of the Education Law, so taint the meeting of January 12 as to make it ineffectual and, thus, reviewable in an article 78 proceeding?
In my view, it does not.
The procedure is governed by subdivision 2 of section 3012 of the Education Law which in pertinent part states: “ At the expiration of the probationary term * * * the superinten *902 dent of schools shall make a written report to the board of education recommending for appointment on tenure those persons who have been found competent, efficient and satisfactory.” (Italics supplied). In short, during the three-year probationary period an appointee cannot gain tenure regardless of talent or satisfactory service and can be removed by recommendation of the superintendent and majority vote of the board of education, and such a dismissal is not illegal because he was not accorded a hearing upon stated charges (Matter of Bemis v. Board of Educ. of Union Free School Dist. No. 1, 258 App. Div. 935). The probationary period must first expire before an employee can be recommended for tenure and appointed. In fact, there is authority for the position that a recommendation and majority vote for granting tenure to an appointee can be rescinded and tenure denied, if such rescission and denial take place within the probationary period (Matter of High v. Board of Educ. of Union Free School Dist. No. 7, 169 Misc. 98, 101, affd. 256 App. Div. 1074, affd. 281 N. Y. 815; Matter of Hazard v. Board of Educ., Horseheads Cent. School Dist. No. 1, 16 A D 2d 481, 482). In Matter of Hazard {supra) the Appellate Division, Third Department, stated it saw no reason for altering the finality of school board action in withholding tenure merely because the statute (§ 3012) was amended to include the requirement that each employee who was not to be recommended for tenure should receive written notice of that fact. This requirement, the court said, was purely directory in nature and in no way affected the substance of the legislative plan for appointment to tenure (Matter of Hazard, supra, p. 482).
In the case at bar the petitioner knew, although she received no written notice from the Superintendent of Schools, that she was not going to be recommended for tenure. Next, the board meeting denying her tenure, albeit in an irregular procedural manner by accepting a withdrawn resignation, and the written notification to petitioner of the board’s action, all took place within the three-year probationary period as extended by her maternity leave. Further, it would be violative of a well-settled principle that tenure laws are in derogation of the common-law right of a public employer to engage public employees and should be strictly construed so as not to divest or interfere with a board of education’s appointive power in the sensitive area of teacher selection on purely technical grounds. No probationary teacher has a vested right to tenure appointment until he has served three full years in a satisfactory and efficient manner (Matter of O’Connor v. Emerson, 196 App. Div. 807, *903 812, 813). Prior to the expiration of that time the hoard may, as it did herein, deny tenure to the probationer.
The petition is dismissed. The decision of the Acting Commissioner of Education is affirmed.