George Beisheim, Jr., J.
This is an article 78 proceeding brought by petitioner, Charlene Mulholland, for a judgment declaring illegal the action of the respondents, the Board of Education of Yorktown Central School District No. 2 and Gordon M. Anderson, Superintendent of Schools, in terminating without a hearing petitioner’s service as a teacher of grades one through six.
By way of reply, petitioner urges that respondents’ answer is defective and should be dismissed since it fails to comply with the requirement in subdivision (d) of CPLR 7804 that “ there shall be a verified answer, which must state pertinent and material facts showing the grounds of respondent’s action complained of ’ ’. However, respondents have cured the defect by the affidavit of the assistant superintendent of the Yorktown Central School served subsequent to the reply. While this procedure did not strictly comply with the statute, it is not one of substance and the merits of the proceeding will be considered (accord, Matter of Zeifman v. Board of Trustees of Inc. Vil. of Great Neck, 40 Misc 2d 130).
Petitioner was appointed as a teacher by the respondent board on September 1, 1968, ‘ ‘ for a probationary period of three years” (Education Law, § 3012). On February 3, 1971, at *854 petitioner’s request, the respondent board voted to grant her maternity leave effective May 1, 1971. By letter dated March 30, 1971, the respondent superintendent notified petitioner that ‘ ‘ Approval for tenure has been granted ’ ’ by the respondent board upon his recommendation as of March 29, 1971, and that “Your tenure * * * is subject to your fulfilling the unexpired portion of your third probationary year ”.
On or about May 14,1971, petitioner went on maternity leave. At that time, she had not completed her three-year probationary period, regardless of whether said period be deemed to have been completed on September 1,1971, or when school closed on or about June 30, 1971.
While petitioner was on maternity leave, the respondent superintendent, by letter dated March 17, 1972, notified petitioner that he had recommended to the respondent board that her employment be terminated effective May 1, 1972. The respondent board voted on April 5, 1972, to terminate petitioner’s employment effective May 8, 1972, as alleged in the assistant superintendent’s affidavit, to make “necessary cutbacks in the size of the teaching staff ’ ’. Prior to said termination, respondents requested an opinion from the State Education Department. The department replied that since petitioner had not yet returned from maternity leave, she had not yet acquired tenure (letter of staff attorney for State Education Department dated February 28, 1972).
Petitioner does not allege that she applied to return from maternity leave before her termination by the respondents, or that the respondents requested that she return prior to said termination. There is legal authority, by implication at least, that maternity leave is not service which contributes toward the three-year probationary period (Matter of Brida v. Ambach, 69 Misc 2d 900; Matter of Board of Educ. of City School Dist. of City of Poughkeepsie v. Allen, 52 Misc 2d 959, affd. 30 A D 2d 742).
The issue is whether petitioner was a tenured teacher when her services were terminated. If petitioner had tenure at such time, she could not be terminated without cause and without a hearing; if she did not have tenure, her termination was legal and proper (Education Law, § 3012; § 3020-a, subd. 1).
Petitioner argues that she obtained tenure upon receipt of the letter of the respondent superintendent dated March 30, 1971, advising her that “ Approval for tenure has been granted * * * subject to your fulfilling the unexpired portion of your third probationary year ”. Relying upon Matter of Wein *855 brown v. Board of Educ. of Union Free School Dist. No. 15, Town of Hempstead (28 N Y 2d 474), petitioner’s argument is that once the board had granted tenure, it could not take it away. Moreover, petitioner argues that respondent board had not met the requirements of subdivision 2 of section 3012 of the Education Law that ‘ ‘ Each person who is not to be recommended for appointment on tenure, shall be so notified by the superintendent of schools in writing not later than sixty days immediately preceding the expiration of his probationary period ”.
Petitioner contends further that a board of education cannot oonfer tenure upon a teacher with any conditions attached thereto and, therefore, the condition in the superintendent’s letter of March 30, 1971, that the tenure granted “is subject •to your fulfilling the unexpired portion of your third probationary year ’ ’ was invalid and unenforceable (Matter of Glass v. Board of Educ. of City of N. Y., 16 N Y 2d 982, affg. 21 A D 2d 891, revg. 39 Misc 2d 761; Matter of Mannix v. Board of Educ. of City of N. Y., 21 N Y 2d 455, affg. 24 A D 2d 481; Matter of Kobylski v. Agone, 19 A D 2d 761, affg. 37 Misc 2d 255). The court believes that the Glass, Mannix and Kobylski eases (supra) are distinguishable from the case at bar in that in all those cases the teachers had actually completed their probationary period and the conditions laid down by the board of education in each case were of a kind which survived both the otherwise effective date of tenure and the completion of the probationary period. In the case at bar, petitioner, to the very day of the institution of this proceeding, has not completed her probationary term. This distinction is made clear by the language of the Appellate Division, Second Department, in the Glass case (supra), where the board sought to dismiss a teacher who had been given tenure but failed to complete certain courses, saying (21 A D 2d 891) as follows: ‘ ‘ The required probationary term having been completed by petitioner, her appointment was made permanent on October 26, 1960 and she acquired tenure.” The Mannix and Kobylski cases are similarly distinguishable.
The so-called condition in the case at bar, in substance that tenure was subject to petitioner completing her probationary period, is, in actuality, nothing more than a statement or paraphrasing of the pertinent provision in section 3012 of the Education Law.
Respondents rely upon Matter of Hazard v. Board of Educ. Horseheads Cent. School Dist. No. 1 (16 A D 2d 481), and Matter of Gough (7 Ed. Dept. Rep. 65). In the Hazard case, the board voted on March 21, 1960, to grant the teacher tenure effective *856 July 1, 1960, but on April 12, 1960, rescinded this action, and on May 13,1960, specifically denied tenure. The Appellate Division upheld the action of the board on the ground that the teacher had not acquired tenure since she had not completed the probationary period. In the Gough case (supra, p. 65), the board on April 6, 1966, voted to grant tenure upon ‘ ‘ ‘ successful completion of his probationary period and passing the required physical examination, ’ to be effective September 1, 1966 ”. On June 24, 1966, the board rescinded its action of1 April 6, 1966, and terminated the teacher’s employment as of June 30, 1966. The Acting Commissioner of Education upheld the action of the board upon the ground that since the teacher had not completed his probationary period, the action of the board taken prior to the effective date of tenure was proper.
Another case of similar effect to the Hazard and Gough eases (supra) is Matter of Kolodziej v. Trafalski (5 A D 2d 749), where the Appellate Division, Fourth Department, affirmed the court below which had denied a motion by petitioner for an order pursuant to article 78 to compel the board to restore her to the position of teacher in Union Free School, District No. 9 of the Town of Cheektowaga and granted the board’s cross motion to dismiss the petition. In the Kolodziej case, the board notified the teacher by letter dated June 29, 1956, which she did not receive until July 5, 1956, that her services as a teacher would be terminated at the close of the school year terminating June 30, 1956, and that she would not be recommended for tenure. The teacher had been originally employed on September 8, 1953.
Petitioner maintains that the cases cited by respondents have been overruled by Matter of Weinbrown (28 N Y 2d 474, supra). In the Weinbrown case, petitioner was engaged as a probationary teacher in September, 1965. On April 23, 1968, respondents accepted the recommendation of its Superintendent of Schools and appointed petitioner to tenure. The superintendent notified petitioner on April 29, 1968, that tenure would become effective on July 1, 1968, and further notified petitioner on May 3, 1968, of his proposed salary for the term commencing September, 1968, which petitioner accepted in writing. By letter dated May 24, 1968, petitioner was notified that on May 21, 1968, respondent had rescinded its previous appointment to tenure without giving any reasons for said action.
The Court of Appeals, by a 4 to 2 decision, reversed the unanimous decision of the Appellate Division, Second Department, which had affirmed a judgment of the Supreme Court in Nassau
*857 County, dismissing petitioner’s article 78 proceeding and sustained the petition. The pertinent part of the Weinbrown decision states (28 N Y 2d 474, 476-477): “ Respondent argues that the statute should be applied literally and that the notice was without effect until the expiration of the probationary term. Reliance is placed upon Matter of High v. Board of Educ. (169 Misc. 98, affd. 256 App. Div. 1074, affd. 281 N. Y. 815). That case was decided in 1939, 13 years before the 60-day notice provision was added. (L. 1952, ch. 407.) Its reasoning is, therefore, inapposite.
“We hold that the statute does not forbid the offer of an appointment to tenure prior to the expiration of the probationary period and that the acceptance of the offer as well as the salary stated made the conferral of tenure herein effective.
“A probationary period is required so that school districts may ascertain which teachers are ‘ competent, efficient and satisfactory ’ (Education Law, § 2509, subd. 2; § 3012, subd. 2; § 3014, subd. 2) prior to appointing them to tenure. Because districts select their staffs each spring for the .succeeding school year, it became apparent that permitting them to inform teachers on the last day of the probationary period that they would not be retained was unfair. Each tenure section, therefore, provides for a notice of at least 60 days (Education Law, § 2509, subd. 1; § 3012, subd. 2; § 3013, subd. 2; § 3014, subd. 2).”
This court believes that all the Weinbrown case held was that an offer of an appointment to tenure prior to the expiration of the probationary period was permitted under section 3012 of the Education Law, and that the acceptance of the offer and the salary proposed for the next ensuing school year effected a binding tenure.
In the case at bar, as well as in the Hazard, Kolodziej and Gough cases, there was no acceptance of the offer of tenure nor of a salary for the school year commencing the September following the offer of tenure. This court feels that the absence of the aforesaid facts distinguishes the Weinbrown case as a matter of law.
Inasmuch as the record is barren of any facts which would indicate when the petitioner planned to return to school, it was purely speculative as to when she would complete her probationary period and impossible to compute the 60-day period before the completion of her probationary term. The board advised petitioner on March 17,1972, that her services were to be terminated. In doing this, the board complied with the spirit of section 3012 of the Education Law in that petitioner *858 was advised that her employment was terminated not only more than 60 days before the commencement of the September, 1972, term but also 60 days before the end of the 1971-1972 school year on or about June 30, 1972, so that if she wished to return to teaching she had ample time to look elsewhere.
The court believes that the Hazard, Kolodziej and Gough, cases have not been overruled by the Weinbrown case and are good legal precedents relative to the decision to be made in the factual situation in the case at bar. The court finds that petitioner had not acquired tenure and that the termination of her employment on March 17, 1972, by the .respondent board without a hearing was legal and proper.
Accordingly, the petition is dismissed.