Bertram Harnett, J.
By letter dated June 22, 1972, the Superintendent of the Garden City Public Schools notified Alfred Baronoff, the teaching principal of Locust School since September, 1969, that his tenure had been denied, and his services terminated effective June 30,1972. In this article 78 proceeding, Mr. Baronoff seeks to annul that determination as arbitrary and unlawful.
*960 A. The Dispute Over Tenure
While denying that the superintendent and the Board of Education had any grounds to justify denying him tenure, Mr. Baron-off does not contest his dismissal on the merits, perhaps recognizing that the granting or denial of tenure is solely within the discretion of the Board of Education, conclusive in the absence of any arbitrary, discriminatory, or irregular aspect. (Matter of Pinto v. Wynstra, 22 A D 2d 914; Matter of Clausen v. Board of Educ. of City of N. Y., 39 A D 2d 708; cf. Matter of Tischler v. Board of Educ. of Monroe Woodberry Cent. School Dist. No. 1, 37 A D 2d 261.) Instead, Mr. Baronoff claims that prior to his dismissal, he had already acquired tenure rights by acquiescence because of time served beyond the probationary period specified under prior provisions of the Education Law, and that, in any eyent, procedures used to deny him tenure were irregular.
B. Statutory Changes in Teacher Tenure
The tenure rights of public school teachers and principals have undergone substantial changes in recent years by way of statutory amendment. At the time of Mr. Baronoff’s initial appointment, May 19, 1969, subdivision 1 of section 3012 of the Education Law provided for a three-year probationary period, and where tenure was not to be recommended, a written notice to that effect, without any hearing requirement, was required at least 60 days prior to the probationary period’s expiration. Then, in 1971, the probationary period was extended to five years for teachers only. Principals were exempted from any probationary period at all, as well as any tenure attainment, they being dischargeable “ at any time on the recommendation ” of the superintendent of schools. (L. 1971, ch. 116, § 1). This intermediate legislation threatened principals who were not already in tenured positions. Perhaps realizing this, the New York State Legislature amended section 3012 of the Education Law in the following year, and on June 8, 1972, the Governor signed into law chapter 953 of the Laws of 1972, which, in section 5, amended chapter 116 of the Laws of 1971, retroactive to May 9, 1971, by adding the following section, in pertinent part: “ § 16. The provisions of this chapter [referring to chapter 116 of the Laws 1971, changing tenure rights] shall not apply to persons who were employed as district superintendents, principals, supervisors and other members of the supervising staff, teachers and other members of the teaching staff in public school districts in this state who were appointed to a probationary period prior to May ninth, nineteen hundred seventy-one ”.
*961 C. Petitioner’s Probationary Period
There being, to date, no further changes in section 3012, the dust has now settled, at least temporarily, on tenure rights of teachers and principals after a period of legislative turmoil. We must now look to the governing law in effect at the time of the board determination to deny Mr. Baronoff’s tenure, which took place upon the recommendation of the superintendent at a board meeting on June 26, 1972. At that time, Mr. Baronoff fell into the class of teachers -and principals whose three-year probationary periods were resurrected by chapter 953 of the Laws of 1972, having been appointed by letter in May, 1969, “ prior to May ninth, nineteen hundred seventy-one ”.
But, at the same time, Mr. Baronoff was still in his probationary period which began running upon his actual commencement of work as teaching principal on September 1,- 1969, not upon his notification of appointment. (Matter of Dreyfuss v. Board of Educ. of Union Free School Dist. No. 3,72 Misc 2d 703; Matter of Agresti v. Buscemi, 51 Misc 2d 474, revd. on other ground 28 AD 2d 877, affd. 28 N Y 2d 984.)
His probationary term would have run out on September 1, 1972, the three-year anniversary of service commencement. Accordingly, none of the 1972 amendments, including the revised and simplified notice requirements, by their terms applicable only to persons whose probationary periods “ expired ” or “would have expired” (see L. 1972, ch. 953, § 5), prior to June 30 or July 31, 1972, applied to Mr. Baronoff who had over two months more to go when notified in June, 1972 that his tenure had been disapproved.
D. Notice
Having said all this, the court must still find against the principal under the statute. The timing of Mr. Baronoff’s appointment and probationary period places him in a class of personnel who retained the old tenure rights including the concomitant prior written notice requirements. (See Matter of Mulholland v. Board of Educ. of Yorktown Cent. School Dist. No. 2, 70 Misc 2d 852, 855.) Therefore, the notice provisions of the pre-1971 subdivision 2 of section 3012, as reinstated by section 5 of chapter 953 of the Laws of 1972, were applicable. These provided: ‘ ‘ Each person who is not to be recommended for appointment on tenure, shall be so notified by the superintendent of schools in writing not later than sixty days immediately preceding the expiration of his probationary period ”.
*962 Mr. Maronoff was notified on June 22, 1972, over 60 days before his three-year probationary period expired on September 1,1972. There were no hearing requirements under the pre1971 statute and the revised procedures enacted in 1972 by the Legislature which do include a hearing, were effective on July 1, 1972 and do not apply to the June, 1972 denial of tenure. (L. 1972, ch. 866; see Matter of Brida v. Ambach, 69 Misc 2d 900; cf. Matter of Hazard v. Board of Educ., Horseheads Cent. School Dist. No. 1, 16 AD 2d 481.)
E. Due Process Procedures
The court notes that under recent United States Supreme Court decisions, probationary teachers as public employees are entitled to notice and hearing procedures when certain factors are present under the due process clause to the Fourteenth Amendment to the United States Constitution. An opportunity to be heard is required where a probationary teacher ‘ can show that the decision not to rehire him somehow deprived him of an interest in ‘ liberty ’ or that he had a ‘ property ’ interest in continued employment, despite the lack of tenure or a formal contract”. (Perry v. Sindermann, 408 U. S. 593, 599; Board of Regents v. Roth, 408 U. S. 564; see Matter of Ryan v. Hofstra Univ., 67 Misc 2d 651.)
Any “ stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities ” (Board of Regents v. Roth, supra, p. 573) or the curtailment of a clear promise, either express or implied, of continued employment (Connell v. Higginbotham, 403 U. S. 207, 208), or threatened infringement of fundamental rights such as freedom of speech or association, resulting from the board determination, invokes the panoply of due process procedural protection, notwithstanding the basic principal that a probationary employee has no unqualified right to be hired permanently.
The court recognizes that certain normal human hopes, even expectations may arise understandably during a probation term, and these concerns must be weighed at the threshold against the school’s need for wide discretion in selecting its permanent staff. Here, however, there is no indication in the record that the tenure denial and dismissal abridged any of Mr. Baronoff’s fundamental rights in the sense described, or would result in a virtually automatic exclusion from available teaching positions in other public schools. (See Kennedy v. Engel, 348 F. Supp. 1142; cf. Aster v. Board of Educ. of City of N. Y., 72 Misc 2d 953.) Accordingly, there does not appear to be any constitutional deficiencies in the procedures followed.
*963 F. Conclusion
While, to he sure, principals like Mr. Baronoff have been subject to considerable uncertainty and insecurity during the topsyturvy treatment of their tenure rights on the seas of recent legislative revisions, it cannot now be said that the amendments took away any of his tenure rights that were enjoyed when he was first appointed. Had there been no change in section 3012 of the Education Law, Mr. Baronoff would still have had a three-year probationary period to serve dating from September, 1969, and would still have been a probationary employee when notified in June, 1972 of the board’s determination to deny tenure. In essence, in his case, he neither gained nor lost by the statutory changes.
Accordingly, there has been no showing that the board acted arbitrarily or unlawfully under the rather complex, yet unambiguous, governing statutory scheme, or under prevailing constitutional standards. The petition is therefore denied and the motion to dismiss the proceeding is granted.