Theodore G. Barlow, J.
The petitioner in this article 78 proceeding seeks to revoke the expulsion of her son, Patrick, from Monsignor Farrell High School. It is her contention that the due process and equal protection of the laws provisions of both the Federal and New York State Constitutions require a hearing as a prerequisite to expulsion.
Respondent high school is a private school operated by an arm of the Roman Catholic Church. It has moved to dismiss the petition for failure .to state a cause of action. The school takes the position that it may expel a student without complying with the constitutional requirements of due process.
*418 The issue, then, is this: must Monsignor Farrell High School — a private school — comply with the Federal and State Constitutions by affording a pupil a hearing before it expels him1?
The Fourteenth Amendment of the Constitution of the United States and sections 6 and 11 of article I of the New York State Constitution (the provisions dealing with due process and equal protection of the laws) apply only to “ State action Private institutions may act without reference to these provisions. However, an institution essentially private may engage in “ State actions ” and thereby subject itself to the same constitutional regulation as a governmental agency.
Monsignor Farrell High School is not without its contacts with the State. Petitioner lists five instances of State action: (1) The school is chartered by the State and must provide an education substantially equivalent to that provided by public schools (Education Law, § 3204). (2) State regents examinations are given (Education Law, § 208). (3) The school’s real property is tax-exempt. (4) Secular text books are supplied by the State because the school performs a public purpose (Board of Educ. v. Allen, 392 U. S. 236). (5) Petitioner’s son must attend school (Education Law, §§ 3204, 3205).
Petitioner relies mainly on Matter of Ryan v. Hofstra Univ. (67 Misc 2d 651) to sustain her position. In his scholarly opinion, Mr. Justice Harnett added up the State contacts of the respondent university and concluded that a hearing was constitutionally required before the student could be expelled. The Ryan case, however, can be distinguished. .The massive State contacts present in that case are not found here. Furthermore, it dealt with the rights of a college student not the rights of a high school freshman. A high school student has immediate access to the public schools to complete his education. A college student may not be able to transfer so easily.
Except where racial segregation is involved the courts have shown a reluctance to interfere with school administration on constitutional grounds. This reluctance is most pronounced when the school involved is a private school below the college level (see Developments in The Law — Academic Freedom, 81 Harv. L. Rev. 1045, 1154; cf. Miami Military Inst. v. Leff, 129 Misc. 481).
Whether or not the Ryan case can be distinguished on its facts, this court reads Powe v. Miles (407 F. 2d 73) as setting forth the law applicable to the case at bar. ‘1 The State must be involved not .simply with some activity of the institution alleged to have inflicted injury upon a plaintiff but with the activity that *419 caused the injury ” (emphasis added). (Powe v. Miles, supra, p. 81; accord Coleman v. Wagner Coll., 429 F. 2d 1120.) There is no suggestion that the State participates in any way with the disciplining of students in private schools such as Monsignor Farrell High School.
Petitioner has also argued that her son has a property right based on contract which cannot be forfeited without due process and cites Matter of Baronoff v. Board of Educ. of Union Free School Dist. No. 18 (72 Misc 2d 959). This case and the cases cited therein all deal with direct governmental action. Before this concept could be applied to a dispute between a student and a private school there would have to be, at the very least, a showing that the private school was engaging in a State action. And it is precisely this which is missing in this case.
On the above analysis the court finds that the petition fails to state a cause of action and accordingly the respondents’ motion to dismiss the petition is granted.
In dismissing the petition the court has not decided whether or not Patrick and his parents were fairly dealt with by the school nor has the court passed on the validity of any claim in contract or tort which may be made against the school or its staff. These issues were not before the court in this proceeding.