■ In the Matter of DENISE ENGLAND, Appellant-Respondent, v COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK et al., Respondents-Appellants.—Weiss, J. Cross appeals from a judgment of the Supreme Court (Hughes, J.), entered November 15, 1989 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul two determinations of respondent Commissioner of Education refusing to, *inter alia,* grant petitioner's request for tenure.

Petitioner was employed by respondent Board of Education of the Newark Valley Central School District (hereinafter the Board of Education) as a regular substitute teacher on May 29, 1985. When the incumbent, for whom petitioner had substituted, died on June 5, 1985, the position became an unencumbered vacancy in which petitioner continued to work. The Superintendent of Schools wrote petitioner on June 25,

1985 advising her that the Board of Education had approved her probationary appointment to that position effective September 1, 1985 and that her probation period would commence September 1, 1985 and terminate September 2, 1988. In an April 27, 1988 letter, the Superintendent notified petitioner he would recommend that tenure be denied and that she be discharged effective June 30, 1988. After a Board of Education meeting on June 27, 1988, petitioner was discharged on June 28, 1988.

Petitioner pursued three separate and distinct remedies against the Board of Education. First, on July 22, 1988, she filed an appeal to respondent Commissioner of Education pursuant to Education Law § 310 asserting that she had acquired tenure by acquiescence of the Board of Education, and she sought an order declaring that her termination was null and void and that she is tenured. The Commissioner issued a decision on February 15, 1989 denying the appeal and, on June 13, 1989, denied her application to reopen on the ground of newly discovered evidence. Second, on August 8, 1988, petitioner's union demanded arbitration claiming that the Board of Education violated the evaluation procedures established in the collective bargaining agreement. On February 15, 1989, the arbitrator found in favor of petitioner, holding that there had been a violation of the union contract and directing that she be appointed to a fourth probationary year for the 1989-1990 school year.* Third, petitioner filed a claim with the State Human Rights Commission alleging sex discrimination which claim is still pending.

This CPLR article 78 proceeding challenges both the February 15, 1989 and June 13, 1989 determinations of the Commissioner as arbitrary, capricious and violative of due process. Supreme Court, relying on *Matter of Board of Educ., Commack Union Free School Dist. v Ambach* (70 NY2d 501), held that petitioner had made an election of remedies by pursuing her contract grievance which culminated in an arbitration award in her favor. While the court annulled the two determinations made by the Commissioner on the ground that he lacked authority to "undo the decisions of the arbitrator", it declined to hold that petitioner is a tenured teacher. Peti-

---

* The arbitration is only tangentially related to the tenure issue in that the award provided for an additional year of probationary teaching which, if successfully completed, might have resulted in tenure. Petitioner began the additional year but resigned her position for reasons unrelated to her disputes with the Board of Education. The arbitration award was not challenged.

tioner appeals, contending that she acquired tenure by either acquiescence or estoppel. Respondents cross-appeal.

Initially, we do not agree that the *Commack* case is dispositive of this lawsuit. In that case, the involved teacher had asserted a breach of the collective bargaining agreement by the school district's failure to adhere to seniority with respect to class assignments and duties. The teacher there initiated grievance procedures which were unsuccessful. Having failed to obtain relief within the grievance process under the collective bargaining agreement, he filed an appeal with the Commissioner under Education Law § 310, complaining of the grievance. The Commissioner sustained the appeal because the teacher had exhausted his contract remedies and held that administrative review was available to him. In reversing, the Court of Appeals held that the teacher's election to follow the contract grievance procedure was binding upon him and precluded resort to additional remedies upon the very same contract matter *(supra)*. Here, petitioner went to arbitration, contending that the Board of Education had breached the collective bargaining agreement by failing to properly follow the teacher evaluation process specified in the union contract. In contrast, in the appeal before the Commissioner, petitioner contended that she had acquired tenure by acquiescence (or estoppel) because she continued teaching after the expiration of her three-year probationary period. The issues presented and remedies sought in each forum were separate and distinct. The reasoning in *Commack* is inapposite here *(see also, Matter of Sargent v Board of Coop. Educ. Servs., First Supervisory Dist.,* 149 AD2d 921, 922).

The Commissioner based his denial upon a finding that petitioner had been absent 44 days while on maternity leave during her three-year probationary period, causing deferral of the completion date for that time period. Since the Board of Education's June 27, 1988 notice to petitioner was within the extended probationary period and petitioner did not teach after that period with the knowledge and consent of the Board of Education, the Commissioner held that she did not acquire tenure by acquiescence. Petitioner's arguments, that the Commissioner erred in holding that the completion of her probationary period was deferred 44 days and in relying upon *Matter of Luchans* (2 Ed Dept Rep 424), are misplaced *(see also, O'Dea v School Dist. of City of Niagara Falls,* 122 AD2d 553). The Commissioner's interpretation of the Education Law is entitled to great weight *(Matter of Mugavin v Nyquist,* 48 AD2d 727, 728, *affd on mem below* 39 NY2d 1003). Leaves of

absences, including maternity leave, may properly be excluded from the computation of the three-year probationary period which must be completed before tenure can be granted *(Matter of Mulholland v Board of Educ.,* 70 Misc 2d 852, 854, *affd* 41 AD2d 704).* Accordingly, the Commissioner's determinations should be confirmed.

Judgment reversed, on the law, without costs, determinations confirmed and petition dismissed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.