OPINION OF THE COURT
Lewis J. Lubell, J.
The Board of Education of the Mahopac Central School District (the Board) granted petitioner Maura Ann Brown (petitioner) a probationary appointment to the position of high school science teacher in 2007. The three-year, Education Law § 3012 (1), probationary period commenced on September 1, 2007.
Through this CPLR article 78 proceeding, petitioner seeks, among other relief, a judgment reversing, annulling and setting aside an asserted unlawful, arbitrary and capricious decision by the Board denying petitioner tenure and terminating her employment effective January 21, 2011.
Currently before the court is petitioner’s motion pursuant to CPLR 3025 for leave (i) to amend and supplement her article 78 petition so as to plead certain additional facts and to assert claims arising therefrom and (ii) to amend and supplement the petition to include additional causes of action and claims for relief based upon certain new facts that occurred subsequent to the filing of the petition, and which arise out of, relate back to, and flow from the facts that were pleaded in the petition.
CPLR 3025 (b) provides that leave to amend pleadings “shall be freely given upon such terms as may be just.” Thus, motions for leave to amend are liberally granted absent prejudice or surprise (see Long Is. Tit. Agency, Inc. v Frisa, 45 AD3d 649 [2007]).
“A court hearing a motion for leave to amend will not examine the merits of the proposed amendment unless the insufficiency or lack of merit is clear and free from doubt ... In cases where the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit, leave should be denied” (id. at 649 [internal quotation marks and citation omitted]; see Ricca v Valenti, 24 AD3d 647, 648 [2005]; Mackenzie v Croce, 54 AD3d 825, 826 [2d Dept 2008]; see also, Rosicki, Rosicki & Assoc., P.C. v Cochems, 59 AD3d 512, 513-514 [2d Dept 2009]).
The court has thoroughly examined the proposed amended pleadings and has given due consideration to the arguments *372 advanced in support of and in opposition to the motion. Upon doing so, the court is not persuaded that the amended and supplemental allegations sought to be advanced in the proposed amended, supplemental verified petition are palpably insufficient or patently devoid of merit such as would justify an examination of the merits or the legal sufficiency of the proposed pleadings (Mackenzie v Croce, supra; see also Rosicki, Rosicki & Assoc., P.C. v Cochems, 59 AD3d 512, 513-514 [2009]). Nor is the court persuaded that this application has been so delayed as to prejudice respondents in any material manner.
Upon ruling as such, the court expressly rejects the Board’s position that petitioner’s 4V2 months of maternity leave toll petitioner’s probationary period for a period of months of actual calendar time. A determination on this issue is material to at least one aspect of the proposed pleadings, the advancement of a claim of tenure by estoppel.
While it is true that an Education Law § 3012 (1) probationary period is extended by maternity leave (see Matter of England v Commissioner of Educ. of State of N.Y., 169 AD2d 868, 870 [3d Dept 1991]), the court does not read Matter of England v Commissioner of Educ. of State of N.Y. (supra), upon which the Board relies, as holding that the probationary period is tolled for each calendar day of the maternity leave period. This court interprets the reference in Matter of England v Commissioner of Educ. of State of N.Y. (169 AD2d at 870) to petitioner “be[ing] absent 44 days while on maternity leave during her three-year probationary period, causing deferral of the completion date for that time period” as a calculation of days that said petitioner was absent from school during her maternity leave while school was otherwise in actual session.
The Board’s reliance on Matter of Maras v Board of Educ. of City School Dist. of City of Schenectady (275 AD2d 551, 552 [3d Dept 2000]) is misplaced. In fact, it appears to go further than Matter of England v Commissioner of Educ. of State of N. Y. (supra). Therein, the Court determined that it was error for respondents to have extended petitioner’s probationary period beyond the period of time that petitioner was absent from school in excess of her contractually allotted sick days. More specifically, the Court ruled:
“[There is no authority under Education Law § 2509 (7)] to exclude those absences provided for by contract, i.e., petitioner’s 20 days of sick leave, five days of personal time and five days of medical leave *373 that fell on school-wide vacation days. Indeed, Education Law § 2509 (7) expressly prohibits extension of an employee’s probationary period by adding thereto contractually bargained for sick or personal leave days or school-wide vacation days.” (Matter of Maras u Board of Educ. of City School Dist. of City of Schenectady, 275 AD2d at 552.)*
Neither Matter of Mulholland v Board of Educ. of Yorktown Cent. School Dist. No. 2 (70 Misc 2d 852, 854 [Sup Ct, Westchester County 1972], affd 41 AD2d 704 [2d Dept 1973]), Matter of Brida v Ambach (69 Misc 2d 900 [Sup Ct, Albany County 1972]) nor O’Dea v School Dist. of City of Niagara Falls (122 AD2d 553 [4th Dept 1986]) compels a different result.
Based upon the foregoing and the liberal standard with which this court must address motions such as this, it is hereby ordered, that the motion be and is hereby granted in all respects; and, it is further ordered, that the amended, supplemental verified petition in the form accompanying the motion papers is hereby deemed served; and, it is further ordered, that the Board’s responsive papers to same shall be served and filed so as to be received by June 27, 2011; and, it is further ordered, that any reply to same shall be served and filed so as to be received by July 11, 2011.

 The court notes that the following identical language is found in Education Law § 2509 (7), which is applicable to school districts with cities of less than 125,000 inhabitants, and Education Law § 3012 (3), which is applicable to “school districts, including common school districts and/or school districts employing fewer than eight teachers, other than city school districts” (Education Law § 3012 [1] [a], [b]): “Notwithstanding any other provision of this section no period in any school year for which there is no required service and/or for which no compensation is provided shall in any event constitute a break or suspension of probationary period or continuity of tenure rights.”