■ In the Matter of ROBERTA J. MARAS, Respondent, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF SCHENECTADY et al., Appellants. [712 NYS2d 208] —Crew III, J. P. Appeal from a judgment of the Supreme Court (Kramer, J.), entered May 26, 1999 in Schenectady County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondents denying petitioner tenure and terminating her employment.

In September 1995, petitioner was appointed to a three-year probationary term of employment as a school psychologist for respondent School District of the City of Schenectady. Pursuant to the appointment, petitioner's probationary period was September 1, 1995 through September 1, 1998. During the 1995-1996 school year, petitioner was absent from work 11 days in excess of her contractually allotted sick days as the result of surgery. As a consequence, respondent Board of Education of the City School District of the City of Schenectady unilaterally extended petitioner's probationary period to November 16, 1998. Thereafter, by letter dated October 16, 1998 and postmarked October 22, 1998, respondents advised petitioner that she would not be recommended for tenure and, consequently, her employment would terminate on November 15, 1998.

Petitioner thereafter commenced the instant proceeding by order to show cause seeking a judgment restraining and enjoining respondents from terminating her employment on the ground that she had acquired tenure by estoppel. Supreme Court temporarily stayed petitioner's termination and ultimately granted the petition, prompting this appeal by respondents.

We affirm. Clearly, it was error for respondents to extend petitioner's probationary period beyond September 12, 1998— the period of time petitioner was absent from school in excess of her contractually allotted sick days. While respondents possess the authority to exclude from the computation of petitioner's three-year probationary period any noncontractual absences (see, Matter of England v Commissioner of Educ. of State of N. Y., 169 AD2d 868, 870-871, appeal dismissed, lv denied 77 NY2d 956), they have no authority to exclude those absences provided for by contract, i.e., petitioner's 20 days of sick leave, five days of personal time and five days of medical leave that fell on school-wide vacation days. Indeed, Education Law § 2509 (7) expressly prohibits extension of an employee's probationary period by adding thereto contractually bargained for sick or personal leave days or school-wide vacation days.*

Inasmuch as respondents failed to take action to grant or deny petitioner tenure prior to September 12, 1998, and inasmuch as the record makes plain that the School District was aware of petitioner's continuing service in its employ, Supreme Court properly found that petitioner had achieved tenure by estoppel (see, e.g., Matter of Gould v Board of Educ., 81 NY2d 446, 451). Accordingly, Supreme Court's judgment is affirmed.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

* Education Law § 2509 (7) provides that "[n]otwithstanding any other provision of this section no period in any school year for which there is no required service and/or for which no compensation is provided shall in any event constitute a break or suspension of probationary period or continuity of tenure rights".