[927 NYS2d 368]

In the Matter of Jesus Berrios, Appellant, v Board of Education of Yonkers City School District et al., Respondents.

Second Department, July 5, 2011

## APPEARANCES OF COUNSEL

*Sussman & Watkins*, Goshen (*Michael H. Sussman* of counsel), for appellant.

*Donoghue, Thomas, Auslander & Drohan, LLP*, Hopewell Junction (*James P. Drohan* and *Laura M. Del Gaudio* of counsel), for respondents.

## OPINION OF THE COURT

LEVENTHAL, J.

The narrow issue presented on this appeal, apparently one of first impression for an appellate court in this state, is whether a substitute teacher may accumulate tenure credit for time spent teaching pursuant to an intern certificate. For the reasons set forth below, we answer this question in the negative.

The facts of this case are not in dispute. The petitioner, Jesus Berrios, taught middle-school mathematics for the Yonkers City School District (hereinafter the District) for four years. During the 2005-2006 school year, the petitioner worked as a substitute math teacher pursuant to an intern certificate, which he received on September 1, 2005.[1] On September 1, 2006, the petitioner obtained his initial public school teaching certificate.[2] The District hired the petitioner on a probationary full-time basis for the 2006-2007 school year. The petitioner continued teaching for the District during the 2007-2008 and 2008-2009 school years.

On June 17, 2009, based on the recommendation of Bernard P. Pierorazio, the Superintendent of the Yonkers City School District (hereinafter the Superintendent), the Board of Education of the Yonkers City School District (hereinafter the Board) terminated the petitioner's employment without a hearing. The termination was effective on July 17, 2009.

The petitioner then commenced this CPLR article 78 proceeding against the Board, the District, and the Superintendent (hereinafter collectively the respondents), by filing a notice of

---

1. An intern certificate is "the certificate issued a student in a registered or approved graduate program of teacher education which includes an internship experience(s) and who has completed at least one-half of the semester hour requirement for the program" (8 NYCRR 80-1.1 [b] [24]).

2. An initial certificate is "the first teaching certificate obtained by a candidate that qualifies that individual to teach in the public schools of New York State" (8 NYCRR 80-1.1 [b] [22]).

petition and verified petition. The petitioner sought, among other things, review of the Board's determination, reinstatement of his employment, and back pay. The petitioner argued that, combining his substitute teaching experience under his intern certificate during the 2005-2006 school year with his probationary service for the 2006-2007 and 2007-2008 school years, he satisfied the three-year probationary requirement and acquired tenure by estoppel, effective September 2008. The petitioner asserted that, as a consequence, his employment could not have been lawfully terminated in June 2009, absent a hearing pursuant to Education Law § 3020-a.

Thereafter, the respondents moved for summary judgment, contending that the petitioner did not obtain tenure by estoppel because he did not have a valid teaching certificate during the 2005-2006 school year. According to the respondents, without a valid teaching certificate, the petitioner's 2005-2006 employment could not be credited toward completion of his probationary period. In an order entered January 12, 2010, the Supreme Court granted the respondents' motion for summary judgment. In a judgment entered February 16, 2010, the Supreme Court, in effect, denied the petition, and dismissed the proceeding on the merits. The petitioner appeals.

Generally, prior to receiving a grant of tenure, eligible educators must serve in their positions for a probationary period of up to three years (see Education Law § 3014 [1]; see also Matter of Speichler v Board of Coop. Educ. Servs., Second Supervisory Dist., 90 NY2d 110, 114 [1997]; Matter of Putnam N. Westchester Bd. of Coop. Educ. Servs. v Mills, 46 AD3d 1062, 1063 [2007]). The Legislature designed the tenure system "to foster academic freedom in our schools and to protect competent teachers from the abuses they might be subjected to if they could be dismissed at the whim of their supervisors" (Ricca v Board of Educ. of City School Dist. of City of N.Y., 47 NY2d 385, 391 [1979]; see Matter of Kaufman v Fallsburg Cent. School Dist. Bd. of Educ., 91 NY2d 57 [1997]; see also Matter of Speichler v Board of Coop. Educ. Servs., Second Supervisory Dist., 90 NY2d at 118 ["tenure rules . . . should be read so as to discourage a board's use of technical obstacles and manipulable labels that can deprive a qualified teacher of tenure rights"]).

The Education Law specifically distinguishes probationary teachers and tenured teachers. The employment of probationary teachers can be terminated at any time during the probationary period, without any reason and without a hearing (see

Education Law § 2509 [1] [a]; § 3014 [1]). By contrast, tenured teachers hold their positions during good behavior and competent service, and are subject to dismissal only after formal disciplinary proceedings (*see* Education Law § 2509 [2]; § 3020-a).

Pursuant to Education Law § 2573 (1) (a), a teacher in a large city school district such as the District is required to serve a three-year probationary period before being awarded tenure. Here, the petitioner worked as a substitute teacher in the District pursuant to an intern certificate during the 2005-2006 school year. The petitioner contends that this period of employment facilitated his completion of the statutory requirements to earn tenure. The petitioner argues that, since he worked as a substitute teacher for one year prior to his probationary period, he shortened his probationary period by one year and obtained "tenure by estoppel" in September 2008 (*see* Education Law § 2573 [1] [a]). Tenure by estoppel results "when a school board accepts the continued services of a teacher or administrator, but fails to take the action required by law to either grant or deny tenure prior to the expiration of the teacher's probationary term" (*Matter of McManus v Board of Educ. of Hempstead Union Free School Dist.*, 87 NY2d 183, 187 [1995]; *see Matter of Triana v Board of Educ. of City School Dist. of City of N.Y.*, 47 AD3d 554, 556 [2008]).

Service as a substitute teacher does not constitute probationary service for purposes of obtaining tenure as a regular teacher (*see Ricca v Board of Educ. of City School Dist. of City of N.Y.*, 47 NY2d at 393). However, the Court of Appeals has held that a substitute teacher's three-year probationary period can be reduced to one year through "Jarema" credit, named for the bill's sponsor, Assemblyman Stephen J. Jarema (*Matter of Speichler v Board of Coop. Educ. Servs., Second Supervisory Dist.*, 90 NY2d at 114).[3] "[I]n the case of a teacher who has rendered satisfactory service as a regular substitute for a period of two years . . . and has been appointed to teach the same subject in day schools on an annual salary, the probationary period shall be limited to one year" (Education Law § 2573 [1] [a]). In order to qualify for Jarema credit, a teacher must serve as a *regular substitute* continuously for at least one school term immediately preceding the probationary period (*see Matter of*

3. Although the Court of Appeals' decision in *Speichler* addressed Education Law § 2509, for the purposes of this appeal, that statute is the functional equivalent of Education Law § 2573.

*Speichler v Board of Coop. Educ. Servs., Second Supervisory Dist.*, 90 NY2d at 111; *Matter of Lifson v Board of Educ. of Nanuet Pub. Schools*, 66 NY2d 896 [1985]; *see also Matter of Barbaccia v Board of Educ. of Locust Val. Cent. School Dist.*, 282 AD2d 674 [2001] [holding that a permanent per diem substitute who was employed on an annual basis and received different assignments each day substituting for different teachers and in different subject areas was not a regular substitute within the meaning of the Jarema Act]). Thus, where a teacher has not served as a regular substitute in the year immediately preceding a probationary appointment, such service will not count towards Jarema credit.

In order to be a "teacher" in the New York State public school system, one must possess a valid teacher's certificate issued by the Commissioner of the New York State Education Department or a valid regional credential (*see* Education Law § 3001 [2] ["No person shall be employed or authorized to teach in the public schools of the state who is . . . [n]ot in possession of a teacher's certificate issued under the authority of this chapter"]; 8 NYCRR 80-1.1 [b] [39] [a "teacher" is defined as "the holder of a valid teacher's certificate issued by the Commissioner of Education or a valid regional credential"]). However, Education Law § 3001 (2) specifically allows a "practice" teacher enrolled in an approved teacher education program to teach without the presence of the certified teacher in the classroom, provided that a classroom-certified teacher is available at all times and retains supervision of the "practice" teacher. Furthermore, pursuant to 8 NYCRR 80-5.4 (c) (2) and (3), a person may be employed as a substitute teacher on a regular basis even if he or she does not possess a valid teaching certificate.

Construing the relevant statutes and regulations, it is apparent that while an educator need not have a valid teacher's certificate to be employed as a substitute teacher, such an educator must possess a valid teacher's certificate in order to qualify as a "teacher" and earn Jarema credit. As discussed below, case law supports our conclusion that Jarema credit cannot be awarded to a regular substitute teacher who does not possess a valid New York State teacher's certificate.

In *Matter of Pierce v Monroe 2—Orleans Bd. of Coop. Educ. Servs.* (195 Misc 2d 178 [2003], *affd* 12 AD3d 1046 [2004]), the Supreme Court denied a teacher's petition seeking mandamus to compel a school board to grant him tenure because the teacher did not have his teacher's certificate. In *Pierce*, the

teacher was first appointed to a full-time teaching position on March 3, 1997. At the time of appointment, the teacher did not possess either a provisional or permanent teacher's certificate.[4] The teacher was instructed to submit a letter of interest if he wished to be considered for a position with the school board for the following year. For each of the next three years, the teacher submitted letters expressing his interest in returning. The teacher was notified on May 29, 2002, that his employment was being terminated. The petitioner asserted that since he was employed by the school board as a full-time teacher for more than five years, he obtained tenure by estoppel. In rejecting the petitioner's contention, the Supreme Court held that allowing a regular substitute teacher who did not possess a valid teaching certificate to receive Jarema credit could lead to the "anomalous result of earning tenure by estoppel prior to even obtaining a provisional [teaching] certificate" (*id.* at 182; *see Appeal of Goldberg*, 47 Ed Dept Rep 489 [Decision No. 15,763]). Although the Supreme Court determined that dismissal of the petition was not warranted on the ground that the teacher failed to exhaust his administrative remedies, it concluded that denial of the petition was warranted on the ground that the teacher's consecutive terms of employment, during which he failed to obtain a teaching certificate, did not constitute a probationary period.

In the instant case, as in *Pierce*, the petitioner's provisional certification was not effective until after the substitute service was completed. Allowing a substitute teacher to accumulate tenure credit for time spent teaching pursuant to an intern certificate would mandate that a school board grant or deny tenure to that teacher before he or she obtained a valid teacher's certificate. Here, the petitioner did not possess an initial teaching certificate when he was teaching as a substitute during the 2005-2006 school year; rather, his initial certificate was not effective until September 1, 2006. The petitioner's entire service with the District for the 2005-2006 school year was under an intern certificate. The petitioner was working toward obtaining his teacher certificate while attending college; he performed these teaching duties during the 2005-2006 school year as part of an internship for the purpose of receiving college credit. Accordingly, we reject the petitioner's contention that he acquired tenure by estoppel. A contrary determination would discourage

---

4. Prior to February 2, 2004, the entry-level certificate for classroom teachers were denominated "provisional" and are now "initial."

school districts from employing students teaching pursuant to intern certificates, thereby depriving both the school districts and the teachers of that valuable experience.

In light of the foregoing, the Supreme Court correctly determined that the petitioner did not earn tenure by estoppel because his first year of teaching as a substitute pursuant to an intern certificate was properly not credited toward tenure. Thus, the Supreme Court properly, in effect, denied the petition, and properly dismissed the proceeding.

Accordingly, the judgment is affirmed.

MASTRO, J.P., SKELOS and ROMAN, JJ., concur.

Ordered that the judgment is affirmed, with costs.