▬ In the Matter of LORIANN CHRISTIAN, Appellant, v BAYPORT- BLUE POINT UNION FREE SCHOOL DISTRICT, Respondent. [13 NYS3d 107]—

In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the petitioner's reinstatement as a tenured teacher and an award of back pay, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Rebolini, J.), dated October 29, 2013, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner, who is certified in elementary education and special education, was employed by the Bayport-Blue Point Union Free School District (hereinafter the respondent) as a permanent substitute teacher in a general education kindergarten class during the 2008-2009 school year. Thereafter, she taught as a probationary special education teacher during the 2009-2010, 2010-2011, and 2011-2012 school years in first and fourth grade integrated coteaching classes. On May 22, 2012, based on the recommendation of the Superintendent of Schools, the respondent's Board of Education terminated the petitioner's employment without a hearing, effective June 22, 2012. The petitioner commenced this CPLR article 78 proceeding in the nature of mandamus, seeking a judgment compelling her reinstatement as a tenured teacher and awarding her back pay. The Supreme Court denied the petition and dismissed the proceeding, concluding that the petitioner did not establish that she had acquired tenure by estoppel and, thus, was not entitled to a hearing before her employment was terminated.

The Education Law distinguishes between probationary teachers and tenured teachers. The employment of a probationary teacher can be terminated at any time during the probationary period, without any reason and without a hearing (*see* Education Law § 3014 [1]; *Matter of Berrios v Board of Educ. of Yonkers City School Dist.*, 87 AD3d 329, 331 [2011]). By contrast, a tenured teacher is subject to dismissal only after formal disciplinary proceedings (*see* Education Law §§ 3014 [2]; 3020-a; *Matter of Berrios v Board of Educ. of Yonkers City School Dist.*, 87 AD3d at 332). "Tenure may be acquired by estoppel when a school board accepts the continued services of a teacher or administrator, but fails to take the action required by law to either grant or deny tenure prior to the expiration of the teacher's probationary term" (*Matter of McManus v Board of Educ. of Hempstead Union Free School Dist.*, 87 NY2d 183, 187 [1995]; *see Matter of Berrios v Board of Educ. of Yonkers City School Dist.*, 87 AD3d at 332).

Pursuant to Education Law § 3012 (1) (a), teachers are appointed for a probationary period of three years. However, in the case of a teacher who has rendered satisfactory service as a regular substitute for a period of two years and has been appointed to teach the same subject on an annual salary, the probationary period is limited to one year (*see also* Education Law §§ 2509 [1] [a]; 2573 [1] [a]). Thus, while service as a substitute teacher does not constitute probationary service for purposes of obtaining tenure as a regular teacher, a substitute teacher's three-year probationary period can be reduced to one year through so-called "Jarema" credit, which is named for the sponsor of the bill that provided for this calculation of credit (*see Matter of Speichler v Board of Coop. Educ. Servs., Second Supervisory Dist.*, 90 NY2d 110, 114 [1997]; *Matter of Berrios v Board of Educ. of Yonkers City School Dist.*, 87 AD3d at 332). Jarema credit cannot exceed two years, and the service as a substitute teacher must be continuous for at least one school term (*see Matter of Speichler v Board of Coop. Educ. Servs., Second Supervisory Dist.*, 90 NY2d at 114; *Matter of Berrios v Board of Educ. of Yonkers City School Dist.*, 87 AD3d at 332).

"A professional educator who is employed to devote a substantial portion of his time to classroom instruction in the common branch subjects at the kindergarten (including pre-kindergarten) level and/or in any of the first six grades shall be deemed to serve in the elementary tenure area" (8 NYCRR 30-1.5). A professional educator who is employed to devote a substantial portion of his or her time to instruction in, inter alia, the education of children with handicapping conditions/general special

education tenure area, is deemed to serve in a special subject tenure area encompassing such subject (*see* 8 NYCRR 30-1.8 [a] [7]). The term "substantial portion" of time means 40% or more of the total time spent by a professional educator in the performance of his or her duties (8 NYCRR 30-1.1 [g]).

Pursuant to 8 NYCRR 200.6 (g), a school district may provide for integrated coteaching services, which means the provision of specially designed instruction and academic instruction provided to a group of students with disabilities and nondisabled students. Absent a variance, the number of students with disabilities in such classes may not exceed 12 students, and the school personnel assigned to each class must minimally include a special education teacher and a general education teacher (*see* 8 NYCRR 200.6 [g]).

Here the Supreme Court properly concluded that the petitioner did not acquire tenure by estoppel. Initially, the court properly determined that the petitioner did not acquire tenure by estoppel in the special education tenure area, as the petitioner did not teach in that area for a period of time exceeding the three-year probationary period required for gaining tenure, and was not entitled to Jarema credit for the additional year she taught general-education kindergarten, as such service was not in the same "subject" area as special education (*see* Education Law § 3012 [1] [a]; *see also* Education Law §§ 2509 [1] [a]; 2573 [1] [a]; *cf. Matter of Triana v Board of Educ. of City School Dist. of City of N.Y.*, 47 AD3d 554 [2008]). In addition, the petitioner failed to establish that she acquired tenure by estoppel in the elementary education tenure subject area. During the 2009-2010, 2010-2011, and 2011-2012 school years, the petitioner was employed as a probationer in the special education tenure subject area (*see* 8 NYCRR 30-1.8 [a] [7]), not the elementary tenure subject area (*see* 8 NYCRR 30-1.5), and she taught as a special education teacher in coteaching classrooms along with general education teachers (*see* 8 NYCRR 200.6 [g]). Moreover, as the petitioner failed to establish that she devoted at least 40% of her time to teaching elementary education in the coteaching classes, as opposed to teaching special education in those classes, the record does not support her contention that she was entitled to tenure by estoppel as an elementary education teacher on that basis. Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.