■ In the Matter of MAURA ANN BROWN, Respondent, v BOARD OF EDUCATION OF MAHOPAC CENTRAL SCHOOL DISTRICT et al., Appellants. [13 NYS3d 131]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Board of Education of the Mahopac Central School District denying the petitioner tenure and terminating her employment, the Board of Education of the Mahopac Central School District and Thomas Manko ap-

peal (1), as limited by their brief, from so much of a judgment of the Supreme Court, Putnam County (Lubell, J.), dated June 17, 2013, as, upon an amended order of the same court dated March 19, 2012, and an order of the same court dated October 25, 2012, determined that they were in breach of the terms of a certain settlement agreement, and directed them to expunge certain records from the petitioner's personnel file, and (2) from an order and judgment (one paper) of the same court dated June 27, 2013, which granted the petitioner's motion to strike an affidavit of Thomas Manko dated November 28, 2012, setting forth an administrative recalculation of her probationary period end date, granted that branch of the amended petition which was for a determination that she had acquired tenure by estoppel, declared that the petitioner acquired tenure by estoppel, and directed the petitioner's reinstatement effective January 21, 2011, with back pay, reimbursement of benefits, and an award of compensatory damages in an amount to be determined at a hearing.

Ordered that the judgment dated June 17, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that the order and judgment dated June 27, 2013, is modified, on the law, by deleting the provision thereof awarding the petitioner compensatory damages in an amount to be determined at a hearing; as so modified, the order and judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

On September 1, 2007, the petitioner began a three-year probationary period of employment as a high school science teacher within the Mahopac Central School District (hereinafter the District). The petitioner's notice of appointment stated that her probationary period was to run through June 30, 2010. From September 2, 2008, through January 21, 2009, the petitioner was absent from work for 87 work days on an approved unpaid maternity leave.

In October 2010, the petitioner commenced this CPLR article 78 proceeding against the Board of Education of the Mahopac Central School District (hereinafter the Board) and Thomas Manko, the Superintendent of the District (hereinafter together the appellants), seeking to enforce a "Side Letter Agreement" dated June 2010 (hereinafter the June 2010 agreement). Pursuant to the June 2010 agreement, the petitioner and the Mahopac Teachers Association (hereinafter the Association) withdrew certain grievances, and the District, by Manko, agreed to expunge certain records from the petitioner's personnel file. The District and the Association also agreed to review

and negotiate a possible change to collective bargaining agreement language regarding teacher evaluations. Nevertheless, by letter dated June 24, 2010, Manko advised the Association that the Board failed to approve the June 2010 agreement, and therefore the District would not abide by its terms.

Effective October 13, 2010, the petitioner was placed on contractual paid medical leave due to complications with a second pregnancy. While on leave, the petitioner was served with a notice that she would not be recommended for tenure at the expiration of her three-year probationary period. The petitioner returned to work on January 13, 2011. However, the petitioner's employment was terminated effective January 21, 2011. Subsequently, the petitioner moved pursuant to CPLR 3025 for leave to amend her petition, inter alia, to include additional facts, and to state additional claims based upon a theory of tenure by estoppel. In an order dated May 24, 2011, the Supreme Court granted the petitioner's motion. In the order, the court expressly rejected the appellants' position that the petitioner's maternity leave tolled the probationary period by the total sum of the calendar days of her leave, rather than by the number of days that school was actually in session.

In an amended order dated March 19, 2012, the Supreme Court directed the appellants to recalculate the petitioner's probationary period end date, using an original end date of June 30, 2010, and in a manner consistent with the holding in *Matter of Maras v Board of Educ. of City School Dist. of City of Schenectady* (275 AD2d 551 [2000]).

In an order dated October 25, 2012, the Supreme Court noted that the appellants had failed to comply with the clear directives of its March 2012 amended order. The court again directed the appellants to make an administrative recalculation of the probationary period end date. The court also directed a severance of the petitioner's claim with respect to the June 2010 agreement.

Subsequently, Manko submitted an affidavit dated November 28, 2012, wherein he calculated a new probationary period end date of January 21, 2011. This recalculation was apparently made by adding 87 missed work days, starting from September 2, 2010, the first workday for teachers during the 2010-2011 school year. Manko averred that the petitioner had not worked beyond the new end date and, thus, did not acquire tenure by estoppel. The petitioner moved to strike the affidavit on the ground that it did not perform the recalculation in a manner consistent with the court's prior orders, the Education Law, and the methodology set forth in *Matter of Maras*.

In a judgment dated June 17, 2013, the Supreme Court, upon severing the petitioner's claim with respect to the June 2010 agreement, determined that the appellants were in breach of the June 2010 agreement, and directed them to expunge certain records from the petitioner's personnel file. In an order and judgment dated June 27, 2013, the court granted the petitioner's motion, inter alia, to strike Manko's affidavit setting forth the administrative recalculation of her probationary period end date, granted that branch of the amended petition which was for a determination that she had acquired tenure by estoppel, declared that she acquired tenure by estoppel, and directed her reinstatement effective January 21, 2011, with back pay, reimbursement of benefits, and an award of compensatory damages in an amount to be determined at a hearing.

The Education Law specifically distinguishes between probationary teachers and tenured teachers. Pursuant to Education Law § 3012 (1) (a), teachers in certain school districts must serve "a probationary period of three years." At the expiration of the probationary term, the superintendent of schools shall make a written report to the board of education recommending for appointment on tenure those persons who have been found competent, efficient and satisfactory (*see* Education Law § 3012 [2]). The employment of probationary teachers can be terminated at any time during the probationary period, without any reason and without a hearing (*see* Education Law § 3014 [1]). By contrast, tenured teachers hold their positions during good behavior and competent service, and are subject to dismissal only after formal disciplinary proceedings (*see* Education Law § 3020-a). A teacher who is not to be recommended for tenure must be so notified in writing no later than 60 days before the expiration of his or her probationary period (*see* Education Law § 3012 [2]).

The Legislature designed the tenure system "to foster academic freedom in our schools and to protect competent teachers from the abuses they might be subjected to if they could be dismissed at the whim of their supervisors" (*Ricca v Board of Educ. of City School Dist. of City of N.Y.*, 47 NY2d 385, 391 [1979]; *see Matter of Kaufman v Fallsburg Cent. School Dist. Bd. of Educ.*, 91 NY2d 57 [1997]; *see also Matter of Speichler v Board of Coop. Educ. Servs., Second Supervisory Dist.*, 90 NY2d 110, 118 [1997]).

Tenure by estoppel results "when a school board accepts the continued services of a teacher or administrator, but fails to take the action required by law to either grant or deny tenure prior to the expiration of the teacher's probationary term" (*Mat-

*ter of McManus v Board of Educ. of Hempstead Union Free School Dist.*, 87 NY2d 183, 187 [1995]; *see Matter of Speichler v Board of Coop. Educ. Servs., Second Supervisory Dist.*, 90 NY2d at 114; *Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.*, 81 NY2d 446, 451 [1993]). A teacher who has acquired tenure by estoppel, but is nonetheless improperly terminated, is entitled to reinstatement, retroactive to the last date of employment, back pay, and all accrued benefits (*see Ricca v Board of Educ. of City School Dist. of City of N.Y.*, 47 NY2d at 385; *Matter of Walters v Amityville Union Free School Dist.*, 251 AD2d 590, 591 [1998]).

Where a teacher is granted a period of unpaid maternity leave during her three-year probationary period, that period of leave may properly be excluded from computation of a teacher's three-year probationary period (*see Matter of England v Commissioner of Educ. of State of N.Y.*, 169 AD2d 868, 870-871 [1991]; *Matter of Mulholland v Board of Educ. of Yorktown Cent. School Dist. No. 2*, 70 Misc 2d 852 [Sup Ct, Westchester County 1972], *affd* 41 AD2d 704 [1973]). Contrary to the appellants' contention in this proceeding, such an extension of a teacher's probationary period is to be performed utilizing a workday-to-calendar day methodology. That is, for each workday missed as a result of a teacher's unpaid leave, the three-year probationary period is to be extended by the corresponding number of calendar days (*see Matter of Maras v Board of Educ. of City School Dist. of City of Schenectady*, 275 AD2d 551 [2000]). Such a methodology is consistent with both Education Law § 3012 (3), which provides that "no period in any school year for which there is no required service and/or for which no compensation is provided shall in any event constitute a break or suspension of probationary period or continuity of tenure rights," and the purpose of the three-year probationary period in affording a school district an opportunity to evaluate an individual's performance as a teacher prior to granting tenure (*see Matter of Putnam N. Westchester Bd. of Coop. Educ. Servs. v Mills*, 46 AD3d 1062, 1064 [2007])

Applying the foregoing principles to this proceeding, we conclude that the petitioner worked past her extended probationary period end date. Accordingly, the Supreme Court properly determined that she acquired tenure by estoppel, and that she is entitled to reinstatement to her position, with tenure and back pay from the date her employment was terminated, i.e., January 21, 2011.

Nevertheless, we agree with the appellants that the Supreme Court erred in awarding the petitioner compensatory damages

since, under the circumstances of this case, such damages are not incidental to the primary relief sought (*see* CPLR 7806; *Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343 [1999]).

We further conclude that the Supreme Court properly determined that the appellants were in breach of the June 2010 agreement, and, in accordance with the agreement, directed them to expunge certain records from the petitioner's personnel file. As a general proposition, it is well settled that a board of education will not be liable for the unauthorized acts of its agents (*see Elia v Highland Cent. School Dist.*, 78 AD3d 1265 [2010]). However, under the Taylor Law (Civil Service Law art 14), agreements that are negotiated between a public employer, by its chief executive officer, and a union and/or a unionized employee are enforceable and binding upon the public employer to the extent that the provisions thereof do not require approval by a legislative body (*see Board of Educ. for City School Dist. of City of Buffalo v Buffalo Teachers Fedn.*, 89 NY2d 370, 375 [1996]). Here, Manko, as chief executive officer of the District, and pursuant to the powers and duties set forth in Education Law § 1711 (2) (e), was authorized to enter into the subject agreement insofar as it pertained to the maintenance of the petitioner's personnel file.

Contrary to the appellants' contention, the Supreme Court did not err in declining to consider parol evidence of Manko's intent to seek Board approval at the time the parties entered into the June 2010 agreement (*see Bond Safeguard Ins. Co. v Forkosh*, 107 AD3d 750 [2013]; *Yellow Book of N.Y., Inc. v Shelley*, 74 AD3d 1333, 1335 [2010]; *Willsey v Gjuraj*, 65 AD3d 1228, 1230 [2009]). Dillon, J.P., Dickerson, Hall and LaSalle, JJ., concur.

Motion by Maura Ann Brown, inter alia, to strike stated portions of the appellants' brief and reply brief on appeals from a judgment of the Supreme Court, Putnam County, dated June 17, 2013, and an order and judgment (one paper) of the same court dated June 27, 2013, on the ground that they refer to matter dehors the record, fail to cite to the record on appeal, and raise issues not properly before the Court. By decision and order on the motion of this Court dated October 14, 2014, those branches of the motion which are to strike stated portions of the appellants' brief and reply brief were held in abeyance and referred to the Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which is to strike stated portions of the appellants' brief and reply brief on the ground that they refer to matter dehors the record is granted, and those portions of the appellants' brief and reply brief which relate to certain minutes and resolutions of the Board of Education of the Mahopac Central School District that are described in footnote 6 on page 22 of the appellants' brief are stricken and have not been considered in the determination of the appeals; and it is further,

Ordered that those branches of the motion which are to strike stated portions of the appellants' brief and reply brief on the ground that they fail to cite to the record on appeal and raise issues not properly before the Court are denied. Dillon, J.P., Dickerson, Hall and LaSalle, JJ., concur.