Matter of Sisson v Johnson City Cent. Sch. Dist. (2022 NY Slip Op 03562)

Matter of Sisson v Johnson City Cent. Sch. Dist.

2022 NY Slip Op 03562

Decided on June 2, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 2, 2022

533718
[*1]In the Matter of Danielle Sisson, Respondent,
v
Johnson City Central School District et al., Appellants.

Calendar Date:April 21, 2022

Before:Lynch, J.P., Clark, Pritzker, Colangelo and McShan, JJ.

The Law Firm of Frank W. Miller, PLLC, East Syracuse, for appellants.
The Law Office of Jacob D. Verchereau, Troy (Jacob D. Verchereau of counsel), for respondent.

Colangelo, J.
Appeal from a judgment of the Supreme Court (Tait, J.), entered February 10, 2021 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Johnson City Central School District Board of Education terminating petitioner's employment.
On June 23, 2015, respondent Johnson City Central School District Board of Education hired petitioner as a long-term substitute music teacher, effective September 1, 2015, to serve as a replacement for another teacher while that teacher was on maternity leave. Petitioner served in this role for the period of September 1, 2015 through June 20, 2016, received an annual salary and received an annual professional performance review rating of "[e]ffective" at the end of the school year. Petitioner then applied for and was hired by the Board as a music teacher, and her probationary term began effective September 1, 2016. She continued teaching in respondent Johnson City Central School District for four more years, during the 2016-2017, 2017-2018, 2018-2019 and 2019-2020 school years, and her annual professional performance review ratings improved from "[e]ffective" to "[h]ighly [e]ffective" as the years progressed. Petitioner's teaching certificate lapsed from August 31, 2017 through December 15, 2017, but she was permitted to continue teaching during the lapse period and was granted seniority credit for that period.
Petitioner was notified by letter dated June 10, 2020 of the Board's decision to terminate her employment effective July 10, 2020. Petitioner was not afforded a pretermination hearing. Petitioner commenced this CPLR article 78 proceeding alleging that her employment was improperly terminated as she had acquired tenure by estoppel based upon respondents' acceptance of her teaching services beyond her probationary period without granting or denying her tenure prior to the expiration thereof. Supreme Court granted the petition, prompting this appeal. We affirm.
Preliminarily, we reject respondents' assertion that this proceeding is time-barred. In response to petitioner's December 2017 email inquiry as to when her probationary period ended, the District, through its secretary for instructional personnel, responded, "According to nVision, . . . the probation period ends 6/30/20." As Supreme Court correctly determined, and contrary to respondents' assertion, this email, which merely recited the information on the District's website, was not a formal determination. Indeed, there is no indication that the District made a "final and binding" determination in this regard so as to require petitioner to commence a CPLR article 78 proceeding within the four-month period thereafter (CPLR 217 [1]), and there was no action taken by respondents to grant or deny tenure to petitioner before the expiration of her probationary period to call into question petitioner's acquisition of tenure by estoppel (see Matter of Wilson v Department [*2]of Educ. of the City of N.Y., 169 AD3d 513, 514 [2019]).
Turning to the merits, Education Law § 3012 (1) (a) (i) and (ii) provide that for teachers and all other members of the teaching staff appointed prior to July 1, 2015, a three-year probationary period applies; for those appointed after July 1, 2015, a four-year probationary period applies. Petitioner was appointed to her substitute teaching position effective September 1, 2015 and was thus subject to a four-year probationary term when hired to fill a vacancy effective September 1, 2016 (see Education Law § 3012; Matter of Remus v Board of Educ. for Tonawanda City School Dist., 96 NY2d 271, 278 [2001]).[FN1] However, a teacher's probationary term is reduced for prior service as a "regular substitute" teacher for one or more complete school terms through "Jarema credit" (see Matter of Speichler v Board of Coop. Educ. Servs., Second Supervisory Dist., 90 NY2d 110, 112-113 [1997]).[FN2] In order to qualify for Jarema credit, a teacher must serve as a "regular substitute" continuously for at least one school term immediately preceding the probationary period (Education Law §§ 2509 [1] [a]; 3012 [1] [a]; see Matter of Speichler v Board of Coop. Educ. Servs., Second Supervisory Dist., 90 NY2d at 114). Although the phrase "regular substitute" is not defined by the statute, the Court of Appeals has looked to the nature of the services provided in order to ascertain whether a petitioner is entitled to the requested Jarema credit (see Matter of Speichler v Board of Coop. Educ. Servs., Second Supervisory Dist., 90 NY2d at 117-119).[FN3] Upon reviewing the record before us, we are satisfied that petitioner continuously served as a regular substitute teacher for at least one school term (see Education Law § 3012 [1] [a]). Accordingly, we agree with the determination of Supreme Court that petitioner was a regular substitute teacher who qualified for Jarema credit of one year.
In upholding Supreme Court's determination, we reject respondents' contention that the statutory language of Education Law §§ 2509 and 3012, as amended in 2015, unambiguously provides that Jarema credit is only available to individuals who serve as regular substitute teachers for two years. These statutes provide, in relevant part, that teachers appointed on or after July 1, 2015 shall be appointed for a probationary period of four years, "except that in the case of a teacher who has rendered satisfactory service as a regular substitute for a period of two years . . ., the teacher shall be appointed for a probationary period of two years" (Education Law §§ 2509 [1] [a] [ii]; 3012 [1] [a] [ii]). The Court of Appeals has long wrestled with whether the two-year provision operates as a threshold or a ceiling, noting that in the case of ambiguity, the construction of the statute adopted by the Commissioner of Education must be upheld if not irrational or unreasonable (see Matter of Robins v Blaney, 59 NY2d 393, 398-399 [1983]). Observing [*3]that the Commissioner has long interpreted Education Law § 2509 to permit Jarema credit for substitute service for less than two years' duration as long as the service has — as in this case — been rendered prior to an initial probationary period, the Court determined that the Commissioner's interpretation was rationally based because "it [was] intended to preserve distinctions between regular and substitute service and to thereby limit claims of tenure by estoppel inadvertently acquired" (id. at 399). A few years later, the Court expressly held that "a period of service as a regular substitute teacher of less than two years may be applied to reduce the three-year probationary period proportionately" (Matter of Carpenter v Board of Educ. of Locust Val. Cent. School Dist., 71 NY2d 832, 834 [1988]). Petitioner has demonstrated that the Jarema credit does not exceed two years, that her regular substitute service was performed before the probationary period began and that her service was continuous for at least one school term (see Matter of Speichler v Board of Coop. Educ. Servs, Second Supervisory Dist., 90 NY2d at 114). Moreover, the controlling statutes consistently use language that a qualifying regular substitute teacher "shall be appointed" to a reduced probationary term (Education Law §§ 2509 [1] [a] [ii]; 3012 [1] [a] [ii]). Accordingly, respondents were without discretion to deny Jarema credit to petitioner.
We now turn to the crux of the parties' dispute — namely, whether petitioner acquired tenure by estoppel. "'Tenure may be acquired by estoppel when a school board accepts the continued services of a teacher or administrator, but fails to take the action required by law to either grant or deny tenure prior to the expiration of the teacher's probationary term'" (Matter of Wilson v Department of Educ. of the City of N.Y., 169 AD3d at 514, quoting Matter of McManus v Board of Educ. of Hempstead Union Free School Dist., 87 NY2d 183, 187 [1995]). Here, petitioner obtained tenure by estoppel when she continued to be employed by respondents and failed to receive any notice regarding her future employment status by the expiration of her probationary period. Because petitioner's four-year probationary period commenced effective September 1, 2016, it ended September 1, 2020. However, given that petitioner is entitled to Jarema credit for the one year that she served as a regular substitute teacher, her probationary period was effectively shortened to end on September 1, 2019. It is undisputed that petitioner's teaching certificate lapsed on August 31, 2017 and was not restored until December 15, 2017, and, as a result, she did not accrue service toward tenure during this period. Accordingly, her probationary period was extended by 3½ months to December 15, 2019 (see Matter of Berrios v Board of Educ. of Yonkers City School Dist., 87 AD3d 329, 333 [2011], lv denied 17 NY3d 712 [2011]). Because petitioner remained employed by the District [*4]on that date, and inasmuch as there was no action taken by respondents to grant or deny tenure to petitioner before the expiration of her probationary period, petitioner acquired tenure by estoppel (see Matter of Wilson v Department of Educ. of the City of N.Y., 169 AD3d at 514). In light of the foregoing, no pretermination hearing is necessary, and petitioner is entitled to be reinstated to her position, with tenure and back pay and any other benefits to which she would have been entitled from the date her employment was terminated (see Matter of Brown v Board of Educ. of Mahopac Cent. Sch. Dist., 129 AD3d 1067, 1071 [2015]). Respondents' remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, J.P., Clark, Pritzker and McShan, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: While Education Law § 2509 applies to small city school districts and Education Law § 3012 applies to other types of school districts, including central school districts such as the District here, the two statutes contain identical language. Therefore, cases applying Education Law § 2509 are equally applicable here.
Footnote 2: Jarema credit was named after Assemblymember Stephen J. Jarema, now deceased, who sponsored Education Law § 2509 (1) (a).

Footnote 3: A "regular substitute" is one who takes over the class of a probationary or tenured teacher on a permanent substitute basis, under circumstances where the regular teacher — for maternity leave, sabbatical, sick leave or for some other reason — has been given a definite leave of absence (see Matter of Speichler v Board of Coop. Educ. Servs., Second Supervisory Dist., 90 NY2d at 115).