Matter of DeNigris v Smithtown Cent. Sch. Dist. (2023 NY Slip Op 03783)

Matter of DeNigris v Smithtown Cent. Sch. Dist.

2023 NY Slip Op 03783

Decided on July 12, 2023

Appellate Division, Second Department

Ford, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2021-09160
 (Index No. 610064/20)

[*1]In the Matter of Christopher DeNigris, appellant,
v
Smithtown Central School District, respondent.

APPEAL by the petitioner, in a proceeding pursuant to CPLR article 78 to review a determination of Smithtown Central School District dated January 29, 2020, in effect, terminating the petitioner's employment, from a judgment of the Supreme Court (Maureen T. Liccione, J.), dated November 10, 2021, and entered in Suffolk County. The judgment, in effect, denied the petition and dismissed the proceeding.

Ricotta & Marks, P.C., Long Island City, NY (Thomas A. Ricotta of counsel), for appellant.
Ingerman Smith, LLP, Hauppauge, NY (Steven A. Goodstadt and Keith T. Olsen of counsel), for respondent.

FORD, J.

OPINION & ORDER
The narrow issue presented on this appeal, apparently one of first impression for an appellate court in this State, is whether a teacher may accumulate credit towards tenure, also known as "Jarema credit," pursuant to Education Law § 3012, for time spent teaching as a regular substitute teacher in a district other than the district in which the teacher is seeking tenure. For the reasons set forth below, we conclude that a teacher is only entitled to "Jarema credit" for regular substitute service if said service was completed in the district in which the teacher is seeking tenure.
I. Relevant Facts
From January 2014 until September 2017, the petitioner was employed by the New York City Department of Education as a special education substitute teacher. He was then appointed to a probationary term as a special education teacher in the Smithtown Central School District (hereinafter the School District), located in Suffolk County. The School District noted in the petitioner's appointment letter that his anticipated probationary period would run from September 1, 2017, until August 31, 2021.
In a letter dated January 29, 2020, the School District's superintendent informed the petitioner that he would be recommending that the Board of Education terminate the petitioner's probationary appointment effective June 30, 2020, and that the Board of Education would vote on the recommendation at a meeting on May 12, 2020. The petitioner sent a letter requesting that he be provided with the reasons for his termination from the School District. In response, the superintendent stated that the petitioner was being terminated based upon his "instructional delivery, grading practices and record keeping, parent communication, [and] concerns related to interpersonal relationships with staff members."
The petitioner resigned from the School District prior to his termination. The Board of Education accepted his resignation effective June 30, 2020.
Thereafter, the petitioner commenced the instant CPLR article 78 proceeding to [*2]review the January 29, 2020 determination, in effect, terminating his employment. The petitioner claimed, inter alia, that his termination was improper because he had acquired tenure by estoppel due to his prior service as a substitute teacher for the New York City Department of Education. The Supreme Court, in effect, denied the petition and dismissed the proceeding, determining that the petitioner was not entitled to tenure by estoppel because his service as a substitute teacher was performed outside of the School District. The petitioner appeals, and we affirm for the reasons set forth below.
II. Legislative History of the "Jarema credit"
"The Education Law specifically distinguishes between probationary teachers and tenured teachers" (Matter of Brown v Board of Educ. of Mahopac Cent. Sch. Dist., 129 AD3d 1067, 1070). The purpose of the probationary period is to provide "a school district an opportunity to evaluate an individual's performance as a teacher prior to granting tenure" (id. at 1071). A teacher's "probationary period can, however, be reduced . . . through 'Jarema credit,' named for the bill's sponsor, Assemblyman Stephen J. Jarema" (Matter of Speichler v Board of Coop. Educ. Servs., Second Supervisory Dist., 90 NY2d 110, 114).
In 1936, Jarema sponsored a bill that would reduce the probationary period for a teacher who had "rendered satisfactory service as a regular substitute for a period of two years" (Assembly Mem in Support, Bill Jacket, L 1936, ch 680 at 2 [emphasis omitted]). The reasoning for this Depression-era bill, as explained by Jarema, was that requiring the full statutory term of probationary service was "unfair to the teacher who has given many years as a substitute" (Mem in Support, Bill Jacket, L 1936, ch 680 at 36). Jarema noted that "[t]he purpose of the probationary period is to find out whether the person is suited to the profession. This can be determined over a [specific time] period irrespective of whether one is called a substitute or a regular probationary teacher" (id. at 37). In a Memorandum for the Governor in relation to the bill, Deputy Commissioner and Counsel of the State Education Department, Ernest E. Cole, further explained that
"[t]he apparent purpose [of the bill] is to limit the probationary period . . . for a teacher appointed in a city who has already been serving in that city as a substitute teacher for a period of two years. The purpose of a probationary period, as I understand it, is to enable the school officials to become aware of a person's teaching ability. I assume that the sponsors of this bill believe that all of this information may be obtained while the person is serving as a substitute . . . . This seems reasonable to me" (Mem of the Deputy Commr & Counsel for the State Educ Dept, Bill Jacket, L 1936, ch 680 at 34 [emphasis added]).
A version of the "Jarema credit" has been adopted into Education Law § 3012, which provides as follows:
"Teachers . . . who are appointed on or after July first, two thousand fifteen, shall be appointed . . . for a probationary period of four years, except that in the case of a teacher who has rendered satisfactory service as a regular substitute for a period of two years and, if a classroom teacher, has received annual professional performance review ratings in each of those years, or has rendered satisfactory service as a seasonally licensed per session teacher of swimming in day schools who has served in that capacity for a period of two years and has been appointed to teach the same subject in day schools, on an annual salary, the teacher shall be appointed for a probationary period of two years; provided, however, that in the case of a teacher who has been appointed on tenure in another school district within the state, the school district where currently employed, or a board of cooperative educational services, and who was not dismissed from such district or board as a result of charges brought pursuant to [Education Law § 3020-a or § 3020-b], the teacher shall be appointed for a probationary period of three years; provided that, in the case of a classroom teacher, the teacher demonstrates that he or she received an annual professional performance review rating pursuant to [Education Law § 3012-c or § 3012-d] in his or her final year of service in such other school district or board of cooperative educational services" (id. § 3012[1][a][ii]).
This appeal requires this Court to decide whether the "Jarema credit," as memorialized in Education Law § 3012, applies to regular substitute teaching performed outside of the school district in which a teacher is seeking tenure.
III. Tenure by Estoppel
"The Legislature designed the tenure system 'to foster academic freedom in our schools and to protect competent teachers from the abuses they might be subjected to if they could [*3]be dismissed at the whim of their supervisors'" (Matter of Berrios v Board of Educ. of Yonkers City School Dist., 87 AD3d 329, 331, quoting Ricca v Board of Educ. of City School Dist. of City of N.Y., 47 NY2d 385, 391). "At the expiration of the probationary term, the superintendent of schools shall make a written report to the board of education recommending for appointment on tenure those persons who have been found competent, efficient and satisfactory" (Matter of Brown v Board of Educ. of Mahopac Cent. Sch. Dist., 129 AD3d at 1070). "The employment of probationary teachers can be terminated at any time during the probationary period, without any reason and without a hearing" (id.). "By contrast, tenured teachers hold their positions during good behavior and competent service, and are subject to dismissal only after formal disciplinary proceedings" (id.). "A teacher who is not to be recommended for tenure must be so notified in writing no later than 60 days before the expiration of his or her probationary period" (id.).
"Tenure by estoppel results when a school board accepts the continued services of a teacher or administrator, but fails to take the action required by law to either grant or deny tenure prior to the expiration of the teacher's probationary term" (Matter of Berrios v Board of Educ. of Yonkers City School Dist., 87 AD3d at 332 [internal quotation marks omitted]). "A teacher who has acquired tenure by estoppel, but is nonetheless improperly terminated, is entitled to reinstatement, retroactive to the last date of employment, back pay, and all accrued benefits" (Matter of Brown v Board of Educ. of Mahopac Cent. Sch. Dist., 129 AD3d at 1071). Here, the petitioner claims that he has established tenure by estoppel pursuant to Education Law § 3012, based upon his service as a regular substitute teacher in the New York City Department of Education prior to his appointment as a probationary teacher in the School District. Accordingly, he contends that his termination, in effect, by the School District, without formal disciplinary proceedings, affected by an error of law (see CPLR 7803[3]).
IV. Analysis
The Supreme Court correctly determined that, pursuant to Education Law § 3012, a probationary teacher may receive "Jarema credit" towards tenure only for substitute teaching performed in the same district in which the teacher is seeking tenure. The "well-established rules of statutory construction direct that" an analysis of a statute "begins with the language of the statute" (Colon v Martin, 35 NY3d 75, 78 [internal quotation marks omitted]). "This is because the primary consideration is to ascertain the legislature's intent, of which the text itself is generally the best evidence" (id. at 78 [internal quotation marks omitted]; see Matter of Walsh v New York State Comptroller, 34 NY3d 520, 524). A court should construe unambiguous language to give effect to its plain meaning (see Matter of Lemma v Nassau County Police Officer Indem. Bd., 31 NY3d 523, 528). "Further, a statute must be construed as a whole and . . . its various sections must be considered together and with reference to each other" (Colon v Martin, 35 NY3d at 78 [internal quotation marks omitted]). "The maxim expressio unius est exclusio alterius applie[s] in the construction of the statutes, so that where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded" (Matter of Benjamin v New York City Empls. Retirement Sys., 170 AD3d 714, 716 [internal quotation marks omitted]). "In other words, the doctrine is an 'interpretive maxim that the inclusion of a particular thing in a statute implies an intent to exclude other things not included'" (Colon v Martin, 35 NY3d at 78, quoting Cruz v TD Bank, N.A., 22 NY3d 61, 72).
Education Law § 3012(1)(a)(ii) specifically delineates that a reduced, three-year probationary period applies both to teachers who were granted tenure in the same school district and to teachers who were granted tenure in a different school district within the state. Thus, the legislature explicitly indicated its intent that a prior grant of tenure would entitle a teacher to a three-year probationary term rather than a four-year probationary term if they sought tenure for a second time, regardless of where in New York they had previously been granted tenure. The legislature included no such qualifying language when discussing teachers who had worked as regular substitutes (see id.). Accordingly, construing the statute as a whole, the exclusion of qualifying language regarding teaching in a different school district when discussing substitute teaching supports the conclusion that the petitioner was not entitled to "Jarema credit" for substitute teaching outside of the School District (see e.g. Colon v Martin, 35 NY3d 75).
This conclusion is also consistent with the legislative history of the "Jarema credit." As evidenced by Jarema's memorandum in support of his bill, his proposal was not intended to provide teachers who had served as regular substitutes shorter probationary periods than other [*4]individuals. Rather, he intended for school districts to begin their evaluations of teachers during their time as regular substitutes, as opposed to forcing regular substitutes to start their pre-tenure time anew when they obtained a probationary appointment. Specifically, Jarema recognized that a teacher's abilities could be evaluated within a particular number of years regardless of whether the teacher was a substitute or probationary teacher during those years (see Mem in Support, Bill Jacket, L 1936, ch 680 at 37). This interpretation is further strengthened by the understanding of the Deputy Commissioner and Counsel of the State Education Department, who specified that the bill was intended to help teachers "appointed in a city who [have] already been serving in that city as a substitute teacher for a period of two years" (Mem of the Deputy Commr & Counsel for the State Educ Dept, Bill Jacket, L 1936, ch 680 at 34 [emphasis added]).
Education Law § 3012(1)(a)(ii) provides for a four-year probationary period for teachers generally and a two-year probationary period for teachers who have worked as regular substitutes for two years. Where a teacher works as a regular substitute for two years and as a probationary appointment for two years, all within the same school district, that school district will have had a full four years to evaluate the teacher's performance before making a tenure decision. Thus, regular substitutes within one school district are in the same position as probationary teachers who did not begin as regular substitutes. On the other hand, if this section were construed to include substitute service performed outside of the current school district, then the current school district would only have two years to evaluate the teacher's performance. This result would be inconsistent with Jarema's stated intent (see Mem in Support, Bill Jacket, L 1936, ch 680 at 37).
Accordingly, the Supreme Court properly determined that the petitioner was not entitled to "Jarema credit" for his service as a substitute teacher outside of the School District. Without this credit, it is undisputed that the petitioner did not serve the full probationary period of four years in the School District required by Education Law § 3012, and therefore could not establish tenure by estoppel. Thus, the School District's determination, in effect, to terminate the petitioner's employment was not affected by an error of law (see CPLR 7803[3]).
Therefore, the judgment is affirmed.
BRATHWAITE NELSON, J.P., MILLER and DOWLING, JJ., concur.
ORDERED that the judgment is affirmed, with costs.
ENTER:
Maria T. Fasulo
Clerk of the Court