Matter of Bonilla v Brentwood Union Free Sch. Dist. (2023 NY Slip Op 05258)

Matter of Bonilla v Brentwood Union Free Sch. Dist.

2023 NY Slip Op 05258

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-07485
 (Index No. 616192/20)

[*1]In the Matter of Lizzette Bonilla, appellant,
v
Brentwood Union Free School District, et al., respondents.

John Ray, Miller Place, NY, for appellant.
Ingerman Smith, LLP, Hauppauge, NY (Neil M. Block of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education of the Brentwood Union Free School District denying the petitioner tenure and terminating her employment, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated October 1, 2021. The order and judgment, upon a decision of the same court dated August 19, 2021, granted the respondents' motion to dismiss the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner was appointed as a permanent substitute teacher by the respondent Brentwood Union Free School District (hereinafter the District) for the 2015-2016 school year. In September 2016, the petitioner began a four-year probationary period of employment as a bilingual elementary teacher within the District. On July 2, 2020, based on the recommendation of the respondent Richard Loeschner, the District's Superintendent (hereinafter the Superintendent), the District's Board of Education terminated the petitioner's employment, without a hearing, effective August 2, 2020.
The petitioner commenced this CPLR article 78 proceeding against the District and the Superintendent (hereinafter together the respondents), seeking review of the Board of Education's determination and reinstatement of her employment. The petitioner alleged that her substitute teaching experience during the 2015-2016 school year, combined with her probationary service for the 2016-2017 through 2019-2020 school years, satisfied the four-year probationary requirement, and therefore she acquired tenure by estoppel prior to the termination of her employment without a hearing in violation of Education Law § 3020-a.
Thereafter, the respondents moved to dismiss the petition for failure to state a cause of action alleging tenure by estoppel. In support, the respondents submitted, inter alia, the Superintendent's affidavit, wherein he stated that during the 2015-2016 school year the petitioner, as a permanent substitute, was given several different assignments, and that the longest period of time that she substituted for the same teacher was 26 days. In an order and judgment dated October 1, 2021, upon a decision dated August 19, 2021, the Supreme Court granted the respondents' motion [*2]and dismissed the proceeding. The petitioner appeals.
"In considering a motion to dismiss pursuant to CPLR 3211(a)(7), the standard is whether, giving the pleader the benefit of every possible favorable inference, the four corners of the pleading contain factual allegations which can fit any cognizable legal theory" (Matter of Clavin v Mitchell, 131 AD3d 612, 614; see Leon v Martinez, 84 NY2d 83, 87-88). "When evidentiary material outside the pleading's four corners is considered, and the motion is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one and, unless it has been shown that a material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Matter of Clavin v Mitchell, 131 AD3d at 614; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
The Education Law distinguishes between probationary teachers and tenured teachers (see Matter of DeNigris v Smithtown Cent. Sch. Dist., 217 AD3d 95, 97; Matter of Christian v Bayport-Blue Point Union Free Sch. Dist., 129 AD3d 836, 837). Pursuant to Education Law § 3012(1)(a), teachers in certain school districts must serve "a probationary period of four years." The employment of a probationary teacher can be terminated at any time during the probationary period, without any reason and without a hearing, whereas the employment of a tenured teacher can be terminated only after formal disciplinary proceedings (see Matter of Christian v Bayport-Blue Point Union Free Sch. Dist., 129 AD3d at 837; Matter of Berrios v Board of Educ. of Yonkers City School Dist., 87 AD3d 329, 331-332). "Tenure by estoppel results 'when a school board accepts the continued services of a teacher or administrator, but fails to take the action required by law to either grant or deny tenure prior to the expiration of the teacher's probationary term'" (Matter of Brown v Board of Educ. of Mahopac Cent. Sch. Dist., 129 AD3d 1067, 1070, quoting Matter of McManus v Board of Educ. of Hempstead Union Free School Dist., 87 NY2d 183, 187; see Matter of Speichler v Board of Coop. Educ. Servs., Second Supervisory Dist., 90 NY2d 110, 114).
"Service as a substitute teacher does not constitute probationary service for purposes of obtaining tenure as a regular teacher" (Matter of Berrios v Board of Educ. of Yonkers City School Dist., 87 AD3d at 332). However, a teacher's probationary term may be reduced through "Jarema" credit for prior service as a "regular substitute" teacher (see Matter of Speichler v Board of Coop. Educ. Servs., Second Supervisory Dist., 90 NY2d at 114; Matter of DeNigris v Smithtown Cent. Sch. Dist., 217 AD3d at 97). "In order to qualify for Jarema credit, a teacher must serve as a regular substitute continuously for at least one school term immediately preceding the probationary period" (Matter of Berrios v Board of Educ. of Yonkers City School Dist., 87 AD3d at 332; see Matter of Speichler v Board of Coop. Educ. Servs., Second Supervisory Dist., 90 NY2d at 114).
Here, the petition alleged that the petitioner was employed as a permanent substitute during the 2015-2016 school year, and the evidentiary submissions conclusively established that the petitioner taught, as a substitute teacher, several different classes over the 2015-2016 school year and that the longest period that she substituted for the same teacher was 26 days. Under these circumstances, the petition does not support a cause of action alleging tenure by estoppel because, contrary to the petitioner's contention, her service as a substitute teacher did not constitute probationary service (see Matter of Berrios v Board of Educ. of Yonkers City School Dist., 87 AD3d at 332). Moreover, the evidentiary submissions establish that the petitioner did not serve as a "regular substitute" during the 2015-2016 school year and, therefore, she is not entitled to Jarema credit (see Matter of Barbaccia v Board of Educ. of Locust Val. Cent. School Dist., 282 AD2d 674, 674-675; cf. Matter of Speichler v Board of Coop. Educ. Servs., Second Supervisory Dist., 90 NY2d at 119; Matter of Sisson v Johnson City Cent. Sch. Dist., 206 AD3d 1116, 1119).
Accordingly, the Supreme Court properly granted the respondents' motion to dismiss the petition and dismissed the proceeding.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court